(November 23, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER SWARTZ, Appellant. [805 NYS2d 675]—Mugglin, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 22, 2003, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (three counts), robbery in the second degree (five counts), assault in the first degree (three counts) and assault in the second degree (two counts).

Defendant was charged in a multicount indictment with three counts of robbery in the first degree, five counts of robbery in the second degree, three counts of assault in the first degree and two counts of assault in the second degree arising from three separate incidents occurring in the City of Kingston, Ulster County, in December 2002 during which he and his brother separately accosted two men and one woman and forc-

ibly took their property. Shortly thereafter, he was charged in another indictment with burglary in the third degree after he and his brother entered a sandwich shop in Kingston and took a safe. Defendant subsequently pleaded guilty to the charges contained in both indictments. The agreement made with respect to sentencing was that defendant would be exposed to a maximum of 10 years in prison, with five years of postrelease supervision, and that the sentences would run concurrently. He was ultimately sentenced to 10 years in prison on the robbery and first degree assault charges, to be followed by five years of postrelease supervision, seven years in prison on the second degree assault charges, to be followed by three years of postrelease supervision, and 2$^1$/$_3$ to 7 years in prison on the third degree burglary charge, all to run concurrently. Defendant now appeals.

Initially, we note that defendant's claim that he was deprived of the effective assistance of counsel is not properly before us as he neither moved to withdraw his plea nor to vacate the judgment of conviction (*see People v Flood*, 16 AD3d 772 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Hanna*, 303 AD2d 838, 839 [2003]). In any event, to the extent that his argument is premised on his counsel's alleged deficiencies in the preparation and investigation of his case, such matters are outside the present record and are more properly the subject of a CPL article 440 motion (*see People v Green*, 9 AD3d 687, 688 [2004]; *People v Hemingway*, 306 AD2d 689, 690 [2003]). Defendant's other assertions are without merit as the record as a whole reveals that defense counsel provided meaningful representation, particularly in view of the advantageous plea which prevented defendant from serving consecutive sentences (*see People v Hodges*, 13 AD3d 979, 980 [2004]).

Defendant further contends that County Court relied on erroneous information contained in the presentence investigation report in sentencing him. Defendant waived this claim by not raising an objection at sentencing (*see People v Moquette*, 200 AD2d 854, 854 [1994], *lv denied* 83 NY2d 874 [1994]; *People v Young*, 186 AD2d 1072 [1992]). In any event, although the presentence investigation report improperly stated that defendant pleaded guilty to only two crimes and in a few instances inaccurately identified him as his brother, the report as a whole correctly related the circumstances of the crimes and the sentencing minutes reveal that County Court was aware of defendant's plea of guilty to 14 offenses. Thus, the record does not indicate that the sentence imposed by County Court was affected by an error of fact (*see e.g. Matter of Atkins v New York State Bd. of*

*Parole*, 289 AD2d 667, 668 [2001]). Defendant further argues that his sentence was harsh and excessive. The violent nature of the crimes, all committed within a short time period, coupled with defendant's criminal history, militate against a finding that extraordinary circumstances exist which would warrant a reduction of the sentence in the interest of justice (*see People v Greene*, 274 AD2d 842, 843 [2000], *lv denied* 95 NY2d 963 [2000]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.