■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PHILLIPS, Appellant. [813 NYS2d 258]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 22, 2001 in Albany County, convicting defendant upon his plea of guilty of two counts of the crime of burglary in the third degree.

Defendant, who was charged in two separate indictments with a total of 14 crimes, pleaded guilty to two counts of burglary in the third degree and was thereafter sentenced in accordance with the negotiated plea agreement to an aggregate prison term of 3⅓ to 10 years. Defendant now appeals.

Initially, we cannot conclude, as the People contend, that defendant waived his right to appeal as part of his plea (*see People v Seaberg,* 74 NY2d 1, 11 [1989]). At the outset of the plea proceedings, the prosecutor recited all of the plea terms indicating that defendant would be required to waive his right to appeal, and defense counsel confirmed that those were the negotiated terms. Prior to defendant's plea, Supreme Court asked defendant if he understood the terms including "that the People are requiring a waiver of appeal," to which defendant replied "yes" and thereafter entered guilty pleas to the two counts. However, defendant was never asked to waive his right to appeal and never actually waived that right, either during the colloquy or in writing. The record does not reflect that the right to appeal was explained to defendant or that he had discussed it with counsel or that he understood it and, thus, we cannot find that defendant ever effected a waiver of the right to appeal which was knowing, voluntary and intelligent (*see id.; see also People v Lopez,* 6 NY3d 248, 254 [2006]; *People v Callahan,* 80 NY2d 273, 283 [1992]; *People v Evans,* 27 AD3d 905 [2006]).

Defendant's challenge to the voluntariness and sufficiency of his guilty plea has not been preserved for our review given that he failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Rivera,* 24 AD3d 1033 [2005]; *People v Clinton,* 22 AD3d 887 [2005]). The narrow exception to the preservation rule is inapplicable inasmuch as defendant did not make any statements during the plea allocution which cast any doubt upon his guilt or the voluntariness of his plea, or otherwise tended to ne-

gate a material element of the crime (see People v Lopez, 71 NY2d 662, 666 [1988], supra; People v Williams, 25 AD3d 927, 929 [2006]; People v White, 7 AD3d 921, 922-923 [2004], lv denied 3 NY3d 683 [2004]). Nevertheless, considering defendant's argument, we find it to be unavailing as the record clearly establishes that defendant's guilty plea was entered in a knowing, voluntary and intelligent manner. Moreover, contrary to defendant's assertion, a review of the plea minutes reveals that he had discussed his possible defenses with his attorney prior to pleading guilty (see People v Kittle, 154 AD2d 782, 783 [1989], lv denied 75 NY2d 814 [1990]; see also People v Pringle, 10 AD3d 802, 803 [2004]).

Finally, the record reveals neither an abuse of discretion nor the existence of extraordinary circumstances to warrant a reduction of the lawful, negotiated and highly favorable sentence imposed (see People v Johnson, 12 AD3d 941 [2004]).

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.