■ The People of the State of New York, Respondent, v Kevin R. Decker, Appellant. [820 NYS2d 872]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 10, 2004, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and grand larceny in the third degree.

Having been charged with various crimes in two separate

indictments, defendant pleaded guilty to burglary in the second degree and grand larceny in the third degree in satisfaction of both indictments. He was thereafter sentenced in accordance with the negotiated plea agreement to concurrent prison terms of seven years for the burglary conviction and 1 to 3 years for the grand larceny conviction.

Inasmuch as he never moved to withdraw his plea or vacate the judgment of conviction, defendant has failed to preserve his claims that his plea was not knowingly, intelligently and voluntarily entered into or was brought about by the ineffective assistance of counsel (see *People v La Caille*, 26 AD3d 592, 593 [2006], *lv denied* 6 NY3d 835 [2006]; *People v Williams*, 25 AD3d 927, 929 [2006], *lv denied* 6 NY3d 840 [2006]; *People v Champion*, 20 AD3d 772, 772-773 [2005]). In any event, upon our review of the record, we are not persuaded that reversal of defendant's conviction is warranted in the interest of justice. County Court thoroughly informed defendant of the rights he would be relinquishing by pleading guilty and defendant acknowledged his understanding of same. Defendant also admitted committing acts constituting the crimes in question and stated, on the record, that he was pleading guilty of his own volition (see *People v Champion, supra* at 773; *People v Kearney*, 14 AD3d 938, 938-939 [2005], *lv denied* 4 NY3d 854 [2005]). Moreover, defendant indicated that he had thoroughly discussed the matter with counsel and, given that counsel brokered a plea agreement which greatly reduced defendant's sentencing exposure (see *People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]; *People v Crippa*, 245 AD2d 811, 812 [1997], *lv denied* 92 NY2d 850 [1998]), we conclude that defendant received meaningful assistance (see generally *People v Ford*, 86 NY2d 397, 404 [1995]).

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.