■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA CRISCITELLO, Appellant. [821 NYS2d 673]—

Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 25, 2005, convicting defendant upon her plea of guilty of the crime of assault in the second degree.

Defendant appeals from a judgment convicting her of the crime of assault in the second degree, contending that she was denied the right to be present at a material stage of the proceedings—a conference regarding her motion to withdraw her guilty plea—and that County Court erred in denying that motion. At

the plea proceeding, County Court engaged defendant in a colloquy to ascertain whether her decision to plead guilty was knowing, voluntary and intelligent, and then accepted her plea. During the colloquy, the court did not specifically inquire whether defendant was then under the influence of alcohol or any other substance. At a presentencing appearance several months later, defendant made an oral motion to withdraw her plea on the ground that her judgment at the plea proceeding was impaired because she was under the influence of alcohol at that time. The motion was denied without a hearing, and defendant was sentenced in accordance with the negotiated plea. She now appeals.

We are unpersuaded that defendant's constitutional right to due process and her statutory right to be present at a material stage of her trial (*see* CPL 260.20) were violated by her absence from a conference during which her motion to withdraw her plea was discussed. The record does reveal that defendant did not attend a conference that "involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing . . . defendant's or countering the People's position" (*People v Dokes*, 79 NY2d 656, 660 [1992]) and, thus, defendant should have been present at that conference (*see People v Roman*, 88 NY2d 18, 26 [1996]; *People v Dokes, supra* at 660). Nevertheless, defendant's motion to withdraw her guilty plea was addressed de novo in defendant's presence (*see People v Roman, supra* at 27; *People v Velasco*, 77 NY2d 469, 473 [1991]). That proceeding included discussion of the factual issues underlying defendant's claim of intoxication and, thus, defendant, who declined County Court's express invitation to address the issue of her intoxication at the time of her plea, was given a meaningful opportunity to participate in the discussion of her claimed impairment (*see People v King*, 248 AD2d 639, 640 [1998], *lv denied* 91 NY2d 1009 [1998]; *People v Hayes*, 221 AD2d 468, 469 [1995], *lv denied* 87 NY2d 921 [1996]).

Defendant further contends that County Court erred in failing to grant her motion to withdraw her plea or, alternatively, that the court erred in failing to hold an evidentiary hearing on the issue of her claimed impairment at the time of her plea. The determination of a motion to withdraw a guilty plea is a matter within the trial court's sound discretion (*see People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Lane*, 1 AD3d 801, 802 [2003], *lv denied* 2 NY3d 742 [2004]), as is whether to hold an evidentiary hearing on such a motion (*see People v Frederick*, 45 NY2d 520, 524-525 [1978]; *People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Davis*, 250 AD2d 939, 940 [1998]). Here, upon defen-

dant's motion to withdraw her plea, County Court reviewed the minutes of the plea proceeding and stated its clear recollection that defendant exhibited no signs of intoxication at that time. Nor had there been any report of defendant's intoxication from court personnel, including defense counsel. As already noted, defendant declined the opportunity to address the fact of her alleged impairment, and she did not submit any affidavits that would raise an issue of fact regarding her impairment (*see People v Obert*, 1 AD3d 631, 631-632 [2003], *lv denied* 2 NY3d 764 [2004]; *compare People v D'Adamo*, 281 AD2d 751, 753 [2001]). The unsworn submissions of defendant's alleged drinking companions, which asserted only that defendant had been drinking with them on some prior date that she was called to court, were insufficient to require a hearing. In denying the motion, County Court stated its conclusion that defendant's drinking, if any, had not affected her ability to knowingly, voluntarily and intelligently enter a guilty plea. In the absence of a genuine factual issue regarding her capacity to enter the plea, we find no abuse of discretion in County Court's denial, without a hearing, of defendant's motion to withdraw her guilty plea.

Crew III, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.