■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. [825 NYS2d 322]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 14, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Pursuant to a negotiated agreement, defendant pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of a two-count indictment and a pending assault charge. Prior to sentencing, defendant retained substitute counsel and moved to withdraw his plea, which County Court denied following an extensive inquiry. Sentenced as an admitted second felony offender to the agreed-upon term of imprisonment of 4½ to 9 years, defendant now appeals.

Initially, while defendant's motion to withdraw his plea preserved some of the involuntariness claims now raised on appeal (*see People v Pace*, 284 AD2d 806, 807 [2001], *lv denied* 97 NY2d 686 [2001]), a review of the plea colloquy demonstrates that County Court fully apprised defendant of his rights and of the consequences of the plea; the court conducted a sufficient inquiry to establish that defendant understood the proceedings, had ample time to confer with counsel and consider the plea offer, and was entering the plea voluntarily (*see People v Decker*, 32 AD3d 1079, 1080 [2006]; *People v Barnaby*, 30 AD3d 775, 776 [2006]; *People v Kagonyera*, 23 AD3d 840, 841 [2005]). Defendant was not required to recite the elements of the crime or engage in a factual exposition, as it was sufficient that he provided unequivocal affirmative responses to the court's questions, never made statements negating his guilt and indicated that he was entering the plea because he was, in fact, guilty (*see People v Turner*, 27 AD3d 962, 963 [2006]; *see also People v Lopez*, 71 NY2d 662, 665 [1988]).

We find no basis to disturb County Court's discretionary determination to deny defendant's motion to withdraw his plea (*see People v Seeber*, 4 NY3d 780 [2005]; *People v De Fabritis*, 296 AD2d 664, 664-665 [2002], *lv denied* 99 NY2d 557 [2002]; *see also* CPL 220.60 [3]; *cf. People v D'Adamo*, 281 AD2d 751, 752 [2001]). Defendant asserted that his plea was involuntary because he was not receiving prescription medicine for mental health problems at the time of his plea. However, as the court noted in reviewing the plea minutes, there was no indication at the time of the plea that defendant suffered any mental deficiency or inability to think clearly or to understand the consequences of and voluntarily enter a guilty plea (*see People v Criscitello*, 32 AD3d 1112, 1113-1114 [2006]; *People v Hart*, 205 AD2d 943 [1994]; *see also People v D'Adamo, supra* at 752). In response to the court's plea inquiry, defendant stated that he was thinking clearly and had not taken any medication, never raising a concern about a lack of medicine. Defendant's motion to withdraw his plea on this ground was based solely upon conclusory affidavits, unsupported by any medical proof, which did not raise a sufficient question of fact regarding the voluntariness of his plea so as to require an evidentiary hearing (*see People v Alexander*, 97 NY2d 482, 485-486 [2002]; *People v Criscitello, supra* at 1114; *People v Obert*, 1 AD3d 631, 631 [2003], *lv denied* 2 NY3d 764 [2004]; *cf. People v D'Adamo, supra*).

Defendant also alleged that his plea had been induced by a false promise that the related charges against his fiancée would

be dismissed if he accepted the plea deal. No such promise appears in the plea colloquy, and its existence is belied by his sworn assertion to County Court during the plea proceedings that no other promises had been made to induce his guilty plea. Defendant's unsworn allegation that trial counsel had made such a promise to him when they conferred during the plea proceedings was unsupported by any evidence despite defendant having the assistance of substitute counsel and an adjournment to substantiate that claim (*see People v De Fabritis, supra* at 665).

Turning to defendant's claims of ineffective assistance of counsel, the record reflects that defendant received an advantageous plea to the lower level felony with a sentence commitment that was the minimum possible, and nothing in the record casts doubt upon counsel's effectiveness (*see People v Allen*, 15 AD3d 689, 690 [2005]; *People v Scott*, 12 AD3d 716, 717 [2004]). Defendant's assertion that trial counsel failed to discuss possible trial defenses is directly refuted by the plea colloquy (*see People v Adams*, 31 AD3d 1063, 1065 [2006], *lv denied* 7 NY3d 845 [2006]; *People v Lahon*, 17 AD3d 778, 779 [2005], *lv denied* 5 NY3d 790 [2005]).

Finally, defendant's challenge to the sentence as harsh and excessive is unavailing, as he received the minimum permissible second felony offender term of imprisonment for this class B felony (*see* Penal Law § 70.06 [3] [b]; [4] [b]) and, thus, there is no "legally authorized lesser sentence" (CPL 470.20 [6]; *see People v Anderson*, 268 AD2d 228, 229 [2000], *lv denied* 95 NY2d 792 [2000]). We do not find, as the People urge, that defendant effected a valid waiver of his right to appeal foreclosing his right to challenge the sentence's severity, as there was only a fleeting reference to an appeal waiver in the plea allocution (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Seaberg*, 74 NY2d 1, 7-10 [1989]).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.