■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. ANDERSON, Appellant. [831 NYS2d 582]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Columbia County (Nichols, J.), rendered October 14, 2003, convicting defendant upon his plea of guilty of the crimes of arson in the third degree, reckless endangerment in the first degree and assault in the third degree (two counts), and (2) by permission, from an order of said court, entered April 26, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant started a fire on the back porch of his mother's apartment in the City of Hudson, Columbia County. The fire destroyed or damaged several apartment buildings[1] and resulted in injury to two volunteer firefighters. Defendant waived indictment and was prosecuted by superior court information. He pleaded guilty to arson in the third degree, reckless endangerment in the first degree and two counts of assault in the third degree. Defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction on the grounds that his plea was not knowing and voluntary and his counsel was ineffective was denied. Defendant now appeals from the judgment of conviction and, by permission of this Court, from the denial of his CPL 440.10 motion.

Here, defendant does not address his assault convictions, arguing only that his arson conviction should be reduced from

---

1. More than 40 people were evacuated and damage in excess of $328,000 was caused.

third degree to fourth degree and his reckless endangerment conviction should be reduced from first degree to second degree. In essence, defendant argues that a review of the entire record reveals that the arson in the third degree plea is baseless because his act of starting the fire was reckless (*see* Penal Law § 150.05 [1]) and not intentional (*see* Penal Law § 150.10 [1]). Also, he argues that his reckless endangerment conviction should be reduced because his conduct was not so reckless as to evince a depraved indifference to human life (*compare* Penal Law § 120.25 *with* Penal Law § 120.20). We are unpersuaded. During the plea proceeding, in the presence of his counsel and County Court, defendant executed a sworn document which, among other things, contained the following statements: "I plead guilty as follows: I was in Columbia County at all relevant times as alleged. I intentionally damaged a building by starting a fire. I knew by starting this fire I could have killed the residents of the building. I knew that firefighters could be injured when fighting the fire that I started. I started the fire anyway." In addition, defendant orally admitted intentionally setting the fire and that he knew or should have known that the building was occupied and that firefighters would be called to the scene.

We are satisfied that the sworn affidavit and the plea colloquy, together, establish the elements of the crimes charged (*see People v Kemp*, 288 AD2d 635, 636 [2001]) and that nothing occurred during the plea process which would negate an essential element so as to trigger County Court's duty of further inquiry (*see People v Lopez*, 71 NY2d 662, 666 [1988]). While defendant's preplea statements[2] to the police are inconsistent with his plea, defendant did not equivocate during the plea process itself. In sum, we are satisfied that defendant admitted to intentionally setting fire to an occupied building, an act which would evince a depraved indifference to human life.

Finally, we find no merit to defendant's argument that he was denied the effective assistance of counsel because counsel allowed him to plead guilty to crimes without factual support in the record, failed to raise an affirmative defense to the arson charge and failed to pursue youthful offender treatment. In support of this contention, defendant relies mainly on the state-

---

**2.** Defendant gave three conflicting statements to the police. At first, he blamed the fire on three black men who were smoking marihuana on his mother's back porch. In the second statement, he stated that grease on the outside of a pot he was using caught fire and he threw it out his back door, but it hit the railing and landed on his mother's porch. In the third statement, he admitted starting the fire, but only to attract his paramour's attention in a nearby apartment, not to damage the building.

ments that he made to the police during the investigation. Although these statements may have provided a basis to pursue avenues of defense, striking a plea bargain in the face of potential defenses does not necessarily equate to ineffective assistance of counsel. A defendant receives the effective assistance of counsel when the totality of the circumstances of the matter allow the conclusion that a defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]). But meaningful representation does not require perfection (*see People v Ford*, 86 NY2d 397, 404 [1995]). Applying these principles, it is manifest that defendant did receive the effective assistance of counsel. Here, defendant openly acknowledged his satisfaction with his counsel's representation and defense counsel successfully obtained a prison sentence far less than the permissible maximum. The length of the prison term imposed is particularly meaningful given the enormity of the damage caused by defendant's conduct. Clearly, the plea agreement was advantageous to defendant.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.