■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS DOUGLAS, Appellant. [831 NYS2d 585]—

Cardona, P.J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered July 26, 2005, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

While an inmate at Shawangunk Correctional Facility in Ulster County, defendant was involved in a physical altercation with a correction officer and subsequently indicted on two counts of assault in the second degree. Defendant pleaded guilty to the reduced charge of attempted assault in the second degree and was sentenced as a second felony offender in accordance with the plea agreement to a prison term of 2 to 4 years, to be served consecutively to a sentence he was then serving.

Defendant's challenges to the validity of his plea and to the effectiveness of defense counsel's representation as it impacts the voluntariness of his guilty plea are unpreserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (see People v Jones, 30 AD3d 633 [2006], lv denied 7 NY3d 849 [2006]). For the same reason, defendant's challenge to the factual sufficiency of the plea is also not preserved for our review (see People v Masters, 36 AD3d 959, 960 [2007]). Nevertheless, were we to consider the forego-

ing, we would find that defendant entered a knowing, voluntary and intelligent plea of guilty. Defendant's contention that he was rushed and had no choice but to accept the plea is belied by his subsequent responses to County Court's questioning, which demonstrate defendant's understanding of and willingness to enter his plea (*see People v Adams*, 26 AD3d 597, 598 [2006], *lv denied* 7 NY3d 751 [2006]; *People v Victor*, 262 AD2d 872, 873 [1999], *lv denied* 94 NY2d 830 [1999]). Furthermore, his allocution sufficiently establishes the essential elements of the crime (*see People v Williams*, 35 AD3d 971 [2006]).

Turning to defendant's claim of ineffective assistance of counsel, given, among other things, the advantageous plea agreement which reduced his sentencing exposure, the record establishes that defendant received meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Decker*, 32 AD3d 1079, 1080 [2006]). To the extent that defendant's argument pertains to defense counsel's alleged deficiencies in the preparation and investigation of defendant's case, "such matters are outside the present record and are more properly the subject of a CPL article 440 motion" (*People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]; *see People v Donaldson*, 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]).

We have reviewed defendant's remaining contentions, including his claims that he was improperly denied a copy of his presentence investigation report and that the sentence imposed was harsh and excessive, and find them to be unpersuasive.

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.