■ The People of the State of New York, Respondent, v Donna E. Tedesco, Appellant. [833 NYS2d 272]—

Spain, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 24, 2006, convicting defendant upon her plea of guilty of, inter alia, the crime of attempted criminal sale of a controlled substance in the third degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree in satisfaction of a three-count indictment, and to attempted criminal sale of a controlled substance in the third degree in satisfaction of a separate superior court information. Defendant also admitted violating a previously imposed condition of probation. She waived her right to appeal in writing and orally during the plea colloquy. As agreed, she was thereafter sentenced as a second felony offender to concurrent prison terms of two years for the criminal sale conviction and four years for the attempted criminal sale conviction, along with periods of postrelease supervision. With regard to the probation violation, her probation was revoked and she was sentenced to time served. This appeal ensued.

Defendant, as limited by her brief, challenges only her conviction for attempted criminal sale of a controlled substance in the third degree. Specifically, defendant contends that her plea of guilty to that crime was involuntary. While this claim survives defendant's appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), defendant never moved to withdraw the plea or vacate the judgment of conviction and, thus, this contention has not been preserved for our review (*see People v Decker*, 32 AD3d 1079, 1080 [2006]; *People v Sebast*, 32 AD3d 615, 615 [2006], *lv denied* 7 NY3d 870 [2006]). Nevertheless, considering the claim, we find it to be without merit. Review of the plea proceedings demonstrates that defendant was fully apprised of her rights and the consequences of her plea, which she acknowledged she understood and she freely admitted the underlying facts of the crime and pleaded guilty to its commission. Further, there is nothing in the record to support defendant's conclusory and self-serving assertions, raised now for the first time, that she was discouraged from taking her case to trial and led to believe that she had no alternative but to plead guilty (*see People v Missimer*, 32 AD3d 1114, 1115 [2006]). Accordingly, we find that defendant's guilty plea was knowing, intelligent and voluntary (*see People v Jones*, 30 AD3d 633, 633 [2006], *lv denied* 7 NY3d 849 [2006]; *People v Crannell*, 23 AD3d 769, 770 [2005], *lv denied* 6 NY3d 774 [2006]).

Defendant's challenge to the agreed-upon four-year prison sentence as harsh and excessive is precluded in light of her valid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Clow*, 10 AD3d 803, 804 [2004]).

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.