(May 17, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON RIDDICK, Also Known as SB, Appellant. [836 NYS2d 338]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 18, 2006, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

In satisfaction of an indictment charging him with murder in the second degree and other crimes, defendant entered a guilty plea to manslaughter in the first degree for the shooting death of Jihhad Scales in the early morning hours of July 6, 2005 in the City of Albany. Sentenced as an admitted predicate felon to the agreed-upon prison term of 25 years with five years of postrelease supervision, defendant now appeals. We affirm.

Initially, we find that the brief references to an appeal waiver during the plea allocution were not adequate to give it effect, given the absence of an explanation of it on the record or any indication that defendant had discussed it with counsel or

understood its meaning (*see People v Williams*, 35 AD3d 971, 973 [2006], *lv denied* 8 NY3d 928 [2007]; *People v Phillips*, 28 AD3d 939, 939 [2006], *lv denied* 7 NY3d 761 [2006]; *see also People v Lopez*, 6 NY3d 248, 254 [2006]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *cf. People v Crowley*, 34 AD3d 866, 866-867 [2006], *lv denied* 7 NY3d 924 [2006]). Defendant's challenges to the voluntariness of his guilty plea and, relatedly, the adequacy of counsel's representation, are unpreserved and, further, they almost entirely concern matters outside the record on appeal and, as such, are more appropriately the subject of a CPL article 440 motion where the necessary facts could be developed (*see People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Donaldson*, 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]; *see also People v Douglas*, 38 AD3d 1063, 1064 [2007]).

A review of the plea colloquy reflects that County Court fully apprised defendant of his rights, including the consequences of his plea and the trial rights he was forgoing, that defendant understood his rights and had sufficient time to confer with counsel, and that he was pleading guilty voluntarily and because he was in fact guilty of intentionally shooting the victim multiple times with intent to cause him serious physical injury, thereby causing his death (*see* Penal Law § 125.20 [1]; *see also People v Tedesco*, 38 AD3d 1102, 1103 [2007]; *People v Williams, supra*; *People v Whitted*, 12 AD3d 840, 841 [2004], *lv denied* 4 NY3d 769 [2005]). Defendant made no statements during the plea proceeding which either cast doubt upon his guilt, were inconsistent with his guilt, implied he had acted in self-defense or negated an essential element of the crime, so as to implicate the exception to the preservation rule or require further questioning by the court (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Wagoner*, 30 AD3d 629, 629 [2006]; *People v Nesbitt*, 23 AD3d 836, 837 [2005], *lv denied* 6 NY3d 816 [2006]).

Defendant's reliance upon suppression testimony and his statements to police to now assert on appeal that his plea should not have been accepted because he acted in self-defense is unavailing, given that defendant did not raise this issue at the plea or give any indication that he continued to maintain that he acted in self-defense (*cf. People v Wolcott*, 27 AD3d 774, 775 [2006]). Moreover, during the colloquy County Court specifically elicited from defendant that he had discussed possible defenses with counsel, including "how self-defense might have been used at this trial." Defendant indicated that he had considered this in deciding to enter a guilty plea, belying his claims that he did not knowingly waive that defense as part of the plea or that

trial counsel failed to discuss possible trial defenses (*see People v Simpson*, 19 AD3d 945, 945 [2005]; *see also People v Guthinger*, 36 AD3d 1075, 1076 [2007]; *People v Williams, supra*).

We find no merit to defendant's claims of ineffectiveness of counsel, as the record reflects that counsel meaningfully and extensively represented defendant, made numerous pretrial motions and preserved defendant's rights in the event that he proceeded to trial, and negotiated a favorable plea bargain (*see People v Graham*, 35 AD3d 1039, 1040 [2006], *lv denied* 8 NY3d 922 [2007]). None of defendant's claims of inadequacies finds support in this record and, notably, defendant expressly stated during the plea that he had a full opportunity to consult with counsel and was satisfied with counsel's performance (*see People v Guthinger, supra* at 1076; *People v Myricks*, 36 AD3d 1006, 1007 [2007]). Striking a plea bargain notwithstanding potential defenses did not, on this record, amount to ineffective assistance of counsel (*see People v Anderson*, 38 AD3d 1061, 1063 [2007]).

With regard to defendant's challenge to his negotiated sentence as harsh or excessive, we are unpersuaded, finding no abuse of discretion or extraordinary circumstances, given the violent nature of this crime and defendant's criminal history.

Cardona, P.J., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.