■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW T. MOSHER, Appellant. [845 NYS2d 174]—

Spain, J. Appeal from a judgment of the County Court of Chenango County (Daley, J.), rendered June 8, 2006, convicting defendant upon his plea of guilty of the crime of kidnapping in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal sexual act in the first degree, kidnapping in the second degree and unlawful imprisonment in the first degree. Pursuant to a negotiated plea agreement which included a waiver of his right to appeal, defendant pleaded guilty to kidnapping in the second degree in full satisfaction of all charges. County Court thereafter sentenced defendant to the agreed-upon term of 20 years in prison followed by the requisite five years of postrelease supervision. Defendant now appeals.

We affirm. Despite defendant's protestations to the contrary, we find that he knowingly, voluntarily and intelligently waived his right to appeal. In open court, defendant assented to and executed a written appeal waiver which reflected that defense counsel had advised him of his right to appeal; County Court explained the significance of the appeal waiver and defendant confirmed that he had discussed the matter with his attorney and that he understood the consequences of the waiver (see *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Callahan*, 80 NY2d 273 [1992]; *People v Wright*, 34 AD3d 940, 940 [2006], *lv denied* 8 NY3d 886 [2007]; *cf. People v Calvi*, 89 NY2d 868, 870-871 [1996]).

We find similarly unavailing defendant's allegation, which survives the appeal waiver, that his plea was not entered voluntarily, knowingly and intelligently (see *People v Seaberg*, 74 NY2d 1, 10 [1989]). The plea minutes demonstrate that defendant was fully informed of his rights and the ramifications of pleading guilty, including the trial right he would be foregoing, all of which he acknowledged he understood, and he freely

admitted the facts underlying the crime and pleaded guilty to its commission (*see People v Tedesco*, 38 AD3d 1102, 1103 [2007], *lv denied* 8 NY3d 991 [2007]; *People v Heckerman*, 37 AD3d 953, 953 [2007]). With regard to defendant's attack on the factual sufficiency of his plea allocution, that claim is foreclosed by his valid waiver of appeal (*see People v Morgan*, 39 AD3d 889, 889 [2007], *lv denied* 9 NY3d 848 [2007]; *People v Bagley*, 34 AD3d 992, 992 [2006], *lv denied* 8 NY3d 878 [2007]), as is his challenge to the severity of his sentence (*see People v Lopez*, 6 NY3d at 255-256; *People v Clow*, 10 AD3d 803, 804 [2004]; *see also People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]).

We have reviewed the remaining assertions set forth by defendant in his pro se supplemental brief and find they largely concern matters outside the record, which are more properly reviewed in a CPL article 440 motion (*see People v Riddick*, 40 AD3d 1259, 1260 [2007]), and are otherwise not supported by the record on appeal.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.