◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CORBETT, Appellant. [859 NYS2d 783]—

Peters, J.P. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 11, 2006, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to reckless endangerment in the first degree in full satis-

faction of a multicount indictment, waived his right to appeal and was sentenced, as a second felony offender, to a prison term of 2 to 4 years. Defendant now appeals.

Defendant's claim that the plea was not knowingly, intelligently and voluntarily entered into and his challenge to the factual sufficiency of the plea allocution are unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgement of conviction (*see People v Masters*, 36 AD3d 959, 960 [2007], *lv denied* 8 NY3d 925 [2007]; *People v Phillips*, 28 AD3d 939, 939 [2006], *lv denied* 7 NY3d 761 [2006]). Further, as nothing in the factual allocution cast doubt on his guilt or otherwise raised concerns regarding the voluntariness of his plea, the exception to the preservation rule is inapplicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Saddlemire*, 50 AD3d 1317, 1318 [2008]). In any event, were we to consider these claims, we would find them unavailing. A review of the plea allocution reveals that County Court thoroughly advised defendant of the rights he was relinquishing by pleading guilty and the consequences thereof, which he confirmed that he understood. Defendant affirmed that he had adequate time to consider the plea, had discussed the matter with counsel and was pleading guilty of his own volition because he was, in fact, guilty (*see People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *People v Decker*, 32 AD3d 1079, 1080 [2006]). Further, defendant gave unequivocal affirmative responses to the questions posed by County Court admitting to the underlying facts establishing the elements of the crime to which he pleaded guilty (*see People v Douglas*, 38 AD3d 1063, 1064 [2007], *lv denied* 9 NY3d 843 [2007]; *People v Williams*, 35 AD3d at 972).

Having failed to move to withdraw his plea or vacate the judgment of conviction, defendant's challenge to the effectiveness of counsel's representation as it relates to the voluntariness of his guilty plea is likewise unpreserved (*see People v Lopez*, 40 AD3d 1276, 1277 [2007]; *People v Jones*, 18 AD3d 964, 965 [2005], *lv denied* 5 NY3d 790 [2005]) and, in any event, is without merit. The majority of defendant's claims in this regard concern matters outside the present record and are more properly the subject of a CPL article 440 motion (*see People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Donaldson*, 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]). Furthermore, given, among other things, the favorable plea agreement negotiated by counsel that reduced defendant's sentencing exposure and defendant's open acknowledgment of his satisfaction with counsel's representation, we conclude that

defendant was provided with meaningful representation (*see People v Anderson*, 38 AD3d 1061, 1063 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Decker*, 32 AD3d at 1080; *People v Gibson*, 21 AD3d 577, 578 [2005]).

We have reviewed defendant's remaining contentions and find them to be unpersuasive.

Rose, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.