Carpinello, J.
Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered February 1, 2006, convicting defendant upon his plea of guilty of the crime of driving while intoxicated, and (2) by permission, from an order of said court, entered May 3, 2006, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In satisfaction of a four-count indictment, defendant pleaded guilty to driving while intoxicated as a felony and was sentenced to 1 to 3 years in prison. Defendant’s subsequent pro se CPL 440.10 motion to vacate the judgment of conviction was thereafter denied by County Court. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
Defendant initially argues that his guilty plea was involuntary because the colloquy failed to establish the elements of the crime and he entered the plea without fully understanding the sentencing aspect of the plea agreement. Defendant’s waiver of the right to appeal precludes his challenge to the sufficiency of the plea allocution (see People v Jackson, 30 AD3d 824, 825 [2006] ). In any event, a recitation of the elements of the crime is not required where, as here, defendant “provided unequivocal affirmative responses to the court’s questions, never made statements negating his guilt and indicated that he was entering the plea because he was, in fact, guilty” (People v Williams, 35 AD3d 971, 972 [2006], lv denied 8 NY3d 928 [2007]; see People v Anderson, 38 AD3d 1061, 1062 [2007], lv denied 8 NY3d 981 [2007] ). Defendant further acknowledged, after conferring with counsel, that he was pleading guilty with the understanding as to the range of sentence he could receive, and he was, in fact, sentenced in accordance with the plea agreement.
Defendant also contends, in the context of his CPL 440.10 motion, that he was denied the effective assistance of counsel with respect to all three of the attorneys who represented him in this matter. As defendant’s first attorney had not been *892 retained by defendant to represent him after his arraignment, this attorney committed no impropriety by failing to notify defendant of an initial plea offer or of pending grand jury proceed? ings. Notably, the preindictment plea offer was made before the People realized that one of the initial charges should have been a class D felony instead of a misdemeanor due to defendant’s prior criminal record. In addition, the People directly notified defendant of the first date set for grand jury proceedings and defendant’s second attorney, who also attempted to notify defendant of said proceedings, was likewise told by defendant that he would again be seeking new counsel and to take no action on his behalf. Moreover, the failure to notify the People of a defendant’s desire to testify before the grand jury does not, standing alone, amount to ineffective assistance of counsel (see People v Ballard, 13 AD3d 670, 672 [2004], lv denied 4 NY3d 796 [2005]; People v Gibson, 2 AD3d 969, 973 [2003], lv denied 1 NY3d 627 [2004]).
The plea allocution also refutes defendant’s contention that his third counsel provided ineffective assistance by not explaining any of his possible trial defenses and leading him to believe that he would definitely receive a split sentence of six months in jail and five years of probation rather than the prison term he did receive (see People v Anderson, 38 AD3d at 1063; People v Williams, 35 AD3d at 973). The record likewise contradicts defendant’s contention that said counsel rejected a plea offer in August 2005 without his consent and in his absence. As to defendant’s claim that County Court should have conducted a hearing on his CPL article 440 motion, no such hearing was required since “the material submitted in support of the motion, as well as the record of the underlying proceeding, [were] sufficient for the court to decide [it]” (People v Robetoy, 48 AD3d 881, 883 [2008]; see People v Ellis, 53 AD3d 776, 777 [2008]).
Finally, given defendant’s unchallenged waiver of the right to appeal, he is precluded from arguing that his sentence is harsh and excessive (see People v Pickens, 45 AD3d 1187, 1188 [2007], lv denied 10 NY3d 769 [2008]; People v Crudup, 45 AD3d 1111, 1112 [2007]). We have reviewed defendant’s remaining contentions and find them lacking in merit.
Mercure, J.P, Spain, Kane and Kavanagh, JJ., concur. Ordered that the judgment and order are affirmed.