Kavanagh, J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 14, 2006, convicting defendant upon his plea of guilty of the crimes of rape in the first degree, criminal sexual act in the first degree, assault in the first degree (two counts), burglary in the first degree and criminal mischief in the fourth degree.
Defendant was charged in a six-count indictment with rape in the first degree, criminal sexual act in the first degree, assault in the first degree (two counts), burglary in the first degree and criminal mischief in the fourth degree stemming from an incident wherein defendant, among other things, sexually assaulted and beat his former girlfriend causing her to sustain a lacerated spleen, a punctured lung and broken ribs. After twice rejecting plea offers, defendant ultimately pleaded guilty to all counts in exchange for agreed-upon sentences. Defendant thereafter was sentenced in accordance with the plea agreement to concurrent five-year terms of imprisonment on the first five counts of the indictment, together with five years of postrelease supervision and one year in the local jail for the misdemeanor count, with the latter term to be merged with the remaining concurrent sentences. This appeal by defendant ensued.
We affirm. Inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction, his challenges to *895 the voluntariness of his plea and the factual sufficiency of the allocution have not been preserved for our review (see People v Corbett, 52 AD3d 1023, 1024 [2008]; People v Douglas, 38 AD3d 1063 [2007], lv denied 9 NY3d 843 [2007]). Moreover, the narrow exception to the preservation requirement is not triggered here as defendant did not make any statements during his plea allocution that were inconsistent with his guilt (see People v Robles, 53 AD3d 686, 687 [2008], lv denied 11 NY3d 794 [2008]). Were we to reach defendant’s argument, we would find it to be lacking in merit, as a review of the plea colloquy reveals that defendant was apprised of his rights, evidenced an understanding thereof, denied that he had been threatened or coerced, stated that he had sufficient time to confer with counsel and indicated that he wished to plead guilty. Finally, contrary to defendant’s assertion, he was not required to recite the elements of the crimes charged (see People v Singletary, 51 AD3d 1334, 1335 [2008], lv denied 11 NY3d 741 [2008]), as his affirmative responses to County Court’s inquiries and his description of the underlying crimes were sufficient to establish the elements of the crimes charged (see People v Corbett, 52 AD3d at 1024).
As for defendant’s contention that he was denied the effective assistance of counsel, his “failure to move to withdraw the plea or vacate the judgment of conviction serves as a bar to this challenge as well” (People v McEnteggart, 26 AD3d 643, 643 [2006], lv denied 7 NY3d 759 [2006]; see People v Robles, 53 AD3d at 687; People v Farrington, 51 AD3d 1221, 1222 [2008], lv denied 11 NY3d 736 [2008]). In any event, were this issue properly before us, we would find it to be unavailing. Defendant’s primary contention—that he had insufficient opportunity to discuss his plea with counsel prior to the allocution—is belied by the plea minutes, wherein County Court specifically asked defendant if he had “all the time [he] need[ed]” to discuss his case with defense counsel, and defendant responded affirmatively. Defendant’s remaining arguments on this point concern matters outside the record and, as such, are more properly the subject of a CPL article 440 motion (see People v Corbett, 52 AD3d at 1024; People v Feliz, 51 AD3d 1278, 1279 [2008]). We have reviewed defendant’s remaining contentions, including those advanced in his pro se brief, and find them to be lacking in merit.
Mercure, J.P., Peters, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.