■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY R. MATTISON, Appellant. [902 NYS2d 228]—

Rose, J. Appeal from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered December 4, 2008, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and course of criminal conduct against a child in the first degree.

In full satisfaction of a 17-count indictment, defendant entered an *Alford* plea of guilty to the crimes of sexual abuse in the first degree and course of criminal conduct against a child in the first degree. During the lengthy and thorough plea colloquy, defendant also agreed to waive his right to appeal. Then, after a written waiver was read to him and he was given the opportunity to consult with his attorneys, defendant indicated that he had no questions about his waiver. Approximately two months later, defendant retained new counsel and moved to withdraw his plea on the ground that he had not knowingly and intelligently entered his guilty plea because he had binged on methamphetamines for 10 days and then slept for two days in jail before appearing in court to enter his plea. Following a hearing at which defendant presented only his own testimony, County Court denied the motion. At sentencing, defendant refused to sign the written appeal waiver. Nevertheless, the court sentenced him as a second felony offender to the promised terms of imprisonment. Defendant now appeals.

We cannot agree that defendant's failure to sign the written waiver made his prior oral waiver of the right to appeal ineffective. County Court had fully explained the appeal rights being

waived, read the proposed written waiver to defendant and provided him with an opportunity to confer with counsel, and he agreed to waive his right to appeal in return for the People's agreement to the plea bargain (*see People v Hayes*, 71 AD3d 1187, 1188 [2010]; *People v Morales*, 68 AD3d 1356, 1357 [2009], *lv denied* 14 NY3d 803 [2010]). Accordingly, we find that his oral waiver was valid and it was not conditioned in any way upon his later execution of the written form.

Next, there is nothing in this record to indicate an abuse of County Court's discretion in denying defendant's motion to withdraw his plea. The court's inquiries during the plea colloquy as to defendant's state of mind and possible use of illegal drugs were thorough and elicited no answers suggesting any sort of mental impairment. In addition, defendant's self-serving claim that he was under the influence of methamphetamine at the time of the plea is contrary to the court's own impressions of him during the plea colloquy (*see People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *People v Criscitello*, 32 AD3d 1112, 1113-1114 [2006]; *People v Fletcher*, 24 AD3d 127, 128 [2005], *lv denied* 6 NY3d 812 [2006].

Finally, defendant's valid waiver of appeal precludes his argument that his counsel provided ineffective assistance except to the extent that it may have impacted the voluntariness of his plea (*see People v Leonard*, 63 AD3d 1278, 1278 [2009], *lv denied* 13 NY3d 797 [2009]; *People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]; *People v McDuffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007]). Here, the alleged failures of counsel to sufficiently oppose a motion to quash and then review the relevant materials that were produced anyway are not born out by the record and, in any event, would not implicate the voluntariness of defendant's plea (*see People v McDuffie*, 43 AD3d at 560). Also, at the time of the plea, defendant declared himself satisfied with the representation of his two attorneys, which resulted in an extremely favorable plea bargain (*see People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]).

Peters, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.