■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN VOLFSON, Appellant. [915 NYS2d 653]—

Garry, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 5, 2010, convicting defendant upon his plea of guilty of the crimes of criminal possession of marihuana in the first degree and forgery in the second degree.

Defendant pleaded guilty to the crimes of criminal possession of marihuana in the first degree and forgery in the second degree in full satisfaction of a five-count indictment and waived his right to appeal. County Court sentenced him pursuant to the plea agreement to an aggregate term of imprisonment of 7½ years, with three years of postrelease supervision. Following defendant's appeal, this Court affirmed the conviction but vacated the sentence on the ground that County Court had inadvertently failed to pronounce sentence on each of the two counts (*People v Volfson*, 69 AD3d 1123, 1125 [2010]). Thereafter, County Court resentenced defendant to concurrent terms of imprisonment of 3½ to 7 years on the forgery count and 7½ years in prison on the criminal possession of marihuana count, to be followed by three years postrelease supervision. Defendant now appeals and we affirm.

Defendant contends that County Court erred in not ordering a CPL article 730 competency hearing prior to resentencing him. We disagree. It is well established that "[a] defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him [or her]" (*People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997]). Here, the record reveals that defense counsel informed County Court prior to the resentencing hearing that, in her opinion, defendant was unfit to proceed and requested that the court order a competency hearing, but then counsel withdrew the request at the hearing. Further, while defendant's statements during the resentencing hearing were argumentative and disruptive, they were not, in our view, indicative of a mental impairment requiring a competency hearing (*see People v Kulakov*, 72 AD3d 1271, 1272 [2010], *lv denied* 15 NY3d 775 [2010]; *People v Daley*, 302 AD2d 745, 746 [2003]). Finally, defendant's waiver of the right to appeal precludes his challenge to the severity of the agreed-upon sentence (*see People v Tedesco*, 38 AD3d 1102, 1103 [2007], *lv denied* 8 NY3d 991 [2007]).

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.