■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN BENIQUEZ, Appellant. [973 NYS2d 427]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 22, 2011, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Following a plea colloquy, County Court indicated that it was

accepting defendant's plea of guilty to a single count of attempted burglary in the second degree in satisfaction of a two-count indictment. As part of the recited plea agreement, defendant was to receive a sentence of two years in prison, followed by three years of postrelease supervision. County Court advised defendant that, among other things, if he were charged with any new offense prior to the sentencing date, the court would no longer be bound by the sentencing commitment. Defendant agreed but, while awaiting sentencing, he was arrested and charged with two drug possession counts. As a result, the court sentenced defendant on the attempted burglary conviction to an enhanced prison term of six years, followed by three years of postrelease supervision and restitution. Defendant now appeals.

As the record before us does not indicate that defendant ever actually entered a guilty plea pursuant to the plea agreement, we reverse. While defense counsel indicated that it was defendant's "intent[ ]" to do so, after County Court had recited the terms of the plea agreement, which defendant indicated he had "heard," defendant never actually admitted his guilt in any manner and did not enter a valid plea. The plea allocution simply does not reflect that defendant "understood the nature of the charge against him . . . and voluntarily entered into such plea" (*People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]). Further, while defendant "was not required to recite the elements of his crime or engage in a factual exposition," County Court did not pose any questions, read the count of the indictment, or explain the crime (or its elements) to which he was entering a plea, so as to "establish the elements of the crime" (*People v White*, 84 AD3d 1641, 1641 [2011], *lv denied* 18 NY3d 887 [2012] [internal quotation marks and citation omitted]); nor did defendant provide "unequivocal . . . responses" or "indicate[ ] that he was entering the plea because he was, in fact, guilty" (*People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *see People v Corbett*, 52 AD3d 1023 [2008]; *People v Saddlemire*, 50 AD3d 1317, 1318 [2008]).

While defendant did not move to withdraw the plea (and we have no indication on this record that defendant moved to vacate the judgment of conviction) so as to preserve his challenge to the factual sufficiency of the plea allocution (*see People v DeJesus*, 96 AD3d 1295, 1295 [2012]), we find it appropriate to exercise our interest of justice jurisdiction and reverse given, in part, that defense counsel may have been dissuaded from making such a motion by County Court's advisement to defendant during the plea colloquy that if he violated the conditions of

his release he "will not be permitted to withdraw [his] plea of guilty." Thus, we find that the plea was invalid.

Peters, P.J., Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.