People v Curry (2018 NY Slip Op 00866)





People v Curry


2018 NY Slip Op 00866


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

107947

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PAUL CURRY, Appellant.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Paul J. Connolly, Delmar, for appellant.
James R. Farrell, District Attorney, Monticello (Richard K. Caister of counsel), for respondent.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of County Court of Sullivan County (McGuire, J.), rendered February 5, 2015, which resentenced defendant following his conviction of the crime of rape in the first degree.
When this matter was previously before us, we vacated defendant's sentence and remitted the matter to County Court for resentencing on the basis that the fine and restitution imposed were improper because they had not been set forth as part of the plea agreement (123 AD3d 1381, 1384 [2014], lv denied 25 NY3d 950 [2015]). In remitting the matter, we instructed that either defendant be permitted the opportunity to withdraw his plea in the event that an enhanced sentence containing such terms be imposed or, in the alternative, that defendant be resentenced in
accordance with the plea agreement (123 AD3d at 1384). Upon remittal, County Court resentenced defendant to a prison term of 25 years, followed by 20 years of postrelease supervision, but no fine or restitution was imposed. Defendant appeals.
Initially, we are unpersuaded by defendant's contention that County Court failed to comply with the dictates of this Court's prior decision remitting the matter for resentencing. The negotiated plea agreement provided that County Court would not be bound by its sentencing commitment and defendant would be subject to a prison term of up to 25 years in the event that he violated the conditions of the plea agreement. Inasmuch as defendant admitted to violating a condition of the plea agreement by failing to comply with the terms of the order of protection, the [*2]prison term imposed at resentencing comported with the agreed-upon plea terms.
Further, we find no abuse of discretion in County Court denying defense counsel's request at resentencing for a mental health examination of defendant. There is no indication that defendant lacked the capacity to understand the proceedings at the time of the resentencing (see People v Miranda, 67 AD3d 709, 711 [2009], lv denied 15 NY3d 922 [2010]), and the record reflects that the court possessed all the facts necessary to appropriately resentence defendant (see e.g. People v Ruff, 50 AD3d 1167, 1168 [2008]). Finally, defendant's valid waiver of the right to appeal precludes any challenge to the resentence as harsh and excessive (see People v Volfson, 79 AD3d 1532, 1533 [2010], lv denied 16 NY3d 900 [2011]).
Devine, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.