People v Mckenzie (2020 NY Slip Op 01996)





People v Mckenzie


2020 NY Slip Op 01996


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


277 KA 19-00926

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEQUAWN R. MCKENZIE, DEFENDANT-APPELLANT. (APPEAL NO. 2.)






CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered April 23, 2019. The judgment convicted defendant of criminal sale of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the matter is remitted to Jefferson County Court for further proceedings on the indictment.
Memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]), as a lesser included offense of criminal sale of a controlled substance (CSCS) in the third degree, charged in count one of the indictment. After sentence was imposed in that matter, County Court learned that the sentence was illegal because defendant had a prior violent felony conviction, rather than a prior felony conviction as the prosecution had alleged in a second felony offender information. Consequently, the court directed that the matter be restored to the docket, granted the prosecution's motion to vacate the plea of guilty with defendant's consent, and granted the prosecution's further motion to amend the second felony offender information to a second violent felony offender information. The court then sentenced defendant as a second violent felony offender upon his conviction, purportedly entered on his plea of guilty, of CSCS in the fifth degree (§ 220.31), as a lesser included offense of count one of the indictment. In appeal No. 2, defendant appeals from the judgment entered upon that conviction.
Initially, we conclude that inasmuch as the court, with defendant's consent, vacated the judgment in appeal No. 1, defendant's appeal from that judgment is moot and therefore must be dismissed (see People v Wilson, 159 AD3d 1542, 1542 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Pimental, 189 AD2d 788, 788 [2d Dept 1993]).
In appeal No. 2, defendant contends that he did not actually plead guilty to the amended charge of CSCS in the fifth degree and thus the judgment of conviction in that appeal must be reversed. Initially, assuming, arguendo, that defendant's waiver of the right to appeal the judgment in appeal No. 1 would apply to the judgment in appeal No. 2, we conclude that, as defendant correctly contends and as the People correctly concede, the waiver is invalid (see People v Bumpars, 178 AD3d 1379, 1379-1380 [4th Dept 2019]; People v Ortega, 175 AD3d 1810, 1811 [4th Dept 2019]). Furthermore, although defendant failed to preserve his contention that he never entered a plea of guilty to CSCS in the fifth degree, "defendant's claims . . . implicat[e] rights of a constitutional dimension directed to the heart of the proceedings—i.e., a mode of proceedings error for which preservation is not required" (People v Tyrell, 22 NY3d 359, 364 [2013]). Additionally, no preservation is required here inasmuch as "defendant could not have brought a CPL 220.60 (3) plea withdrawal motion . . . because the [purported] plea and [*2]sentence occurred during the same proceeding, [and] he could not have filed a CPL 440.10 motion because the error . . . was clear from the face of the . . .
record' " (id.; see People v Conceicao, 26 NY3d 375, 382 [2015]).
With respect to the merits, we agree with defendant that the record establishes that he did not enter a plea of guilty in appeal No. 2. After granting, with defendant's consent, the prosecutor's motion to withdraw defendant's plea in appeal No. 1 to attempted CSCS in the third degree, the court inquired about defendant's statements at the time of that plea and then sentenced defendant on a different crime, i.e., CSCS in the fifth degree. Thus, we conclude that "no plea proceeding had taken place[ in appeal No. 2 and, i]nasmuch as there is no conviction (see generally CPL 1.20 [13]), . . . the subsequent sentence . . . and the imposition of a term of imprisonment are void" (People v Vanalst [appeal No. 1], 148 AD3d 1658, 1658 [4th Dept 2017]; cf. People v Keitz, 99 AD3d 1254, 1255 [4th Dept 2012], lv denied 20 NY3d 1012 [2013], reconsideration denied 21 NY3d 913 [2013], cert denied 571 US 993 [2013]; see also People v Beniquez, 110 AD3d 1143, 1144 [3d Dept 2013]). Consequently, we reverse the judgment in appeal No. 2 and remit the matter to County Court for further proceedings on the indictment (see Vanalst, 148 AD3d at 1658; see generally Tyrell, 22 NY3d at 366).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court