█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD K. PICKETT, Appellant. [853 NYS2d 777]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to withdraw his plea. "Trial judges are vested with discretion in deciding plea withdrawal motions because they are best able to determine whether a plea is entered voluntarily, knowingly and intelligently" (*People v Alexander*, 97 NY2d 482, 485 [2002]), and nothing in the record before us calls into question the voluntary, knowing and intelligent nature of defendant's

plea. Contrary to the further contention of defendant, there is no requirement that he personally recite the facts underlying his crime (*see People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]). Rather, "it was sufficient that [defendant] provided unequivocal affirmative responses to the court's questions, never made statements negating his guilt and indicated that he was entering the plea because he was, in fact, guilty" (*People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]). Defendant further contends that his attorney erroneously informed him that he could challenge the court's *Molineux* ruling on appeal, after entering his guilty plea. That alleged statement by defense counsel "was not placed on the record at the time of the plea [and thus] is not entitled to judicial recognition" (*People v Ramos*, 63 NY2d 640, 643 [1984]). "As a general rule, '[a]bsent a showing that defendant's plea is baseless, the Judge to whom the motion [to withdraw the plea] is addressed must be entitled to rely on the record to ascertain whether any promises, representations, implications and the like were made to the defendant' and induced his plea of guilty" (*id.* at 642; *see People v Frederick*, 45 NY2d 520, 525 [1978]). We reject the contention of defendant that defense counsel's erroneous statement constituted ineffective assistance of counsel inasmuch as defendant failed to demonstrate " 'that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial' " (*People v McDonald*, 1 NY3d 109, 115 [2003], quoting *Hill v Lockhart*, 474 US 52, 59 [1985]; *see also People v Ford*, 86 NY2d 397, 404-405 [1995]). Present— Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.