■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CAMERON, Appellant. [864 NYS2d 815]—Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered September 20, 2006. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [2]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention inasmuch as the record of the plea colloquy demonstrates that defendant understood the terms of the plea agreement and that he knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Lopez,* 6 NY3d 248, 256 [2006]; *People v Quishana M.,* 50 AD3d 1513 [2008]). The further contention of defendant that his plea was not knowingly, voluntarily or intelligently entered is actually a challenge to the factual sufficiency of the plea allocution, and defendant failed to preserve that contention for our review (*see People v Lopez,* 71 NY2d 662, 665 [1988]). Indeed, although defendant states in his brief that he filed a pro se motion to vacate the judgment of conviction pursuant to CPL article 440 based on several grounds, the grounds set forth in the brief do not include the alleged factual insufficiency of the plea allocution. In any event, the valid waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Spikes,* 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]), as well as his challenge to the severity of the sentence (*see Lopez,* 6 NY3d at 256; *People v Hidalgo,* 91 NY2d 733, 737 [1998]). Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.