— Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered March 13, 2007. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). The contention of defendant that his plea was involuntary based on his failure to recite the facts underlying the crime is actually a challenge to the factual sufficiency of the plea allocution (see People v Cameron, 55 AD3d 1382 [2008]). Although defendant preserved that challenge for *1181 our review by moving to withdraw his plea, the waiver by defendant of his right to appeal encompasses that challenge (see id.). In any event, defendant’s challenge is without merit. The unequivocal affirmative responses of defendant to County Court’s questions established all of the essential elements of murder in the second degree (see People v Smith, 227 AD2d 655, 656 [1996], lv denied 88 NY2d 994 [1996]; see also People v Pickett, 49 AD3d 1207 [2008], lv denied 10 NY3d 963 [2008]; People v Williams, 35 AD3d 971, 972 [2006], lv denied 8 NY3d 928 [2007]). Defendant further contends that his plea was involuntary because he did not understand the allegedly ambiguous terms of the court’s sentencing commitment, which were set forth during the plea colloquy and to which defendant agreed. We reject that contention inasmuch as the terms of the sentencing commitment were “ ‘susceptible to but one interpretation’ ” (People v Reyes, 167 AD2d 920, 921 [1990], lv denied 77 NY2d 842 [1991], quoting People v Cataldo, 39 NY2d 578, 580 [1976]). Present — Scudder, PJ., Martoche, Lunn, Peradotto and Green, JJ.