■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PETT, Appellant. [903 NYS2d 639]—

Appeal from a judgment of the Herkimer County Court (Pat-

rick L. Kirk, J.), rendered June 5, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Herkimer County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [2] [b]), defendant contends that County Court erred in enhancing the sentence by imposing restitution inasmuch as restitution was not included in the plea agreement. We agree (see People v Hunter, 72 AD3d 1536 [2010]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea. As noted by the Court of Appeals in People v Maliszewski (13 NY3d 756 [2009]), "plea withdrawal can put the defendant in the position he was in prior to admitting guilt" (id. at 757). If the court elects to afford defendant the opportunity to withdraw his plea, and defendant chooses not to do so, the court may sentence defendant to any sentence authorized by law. If that sentence includes restitution, defendant is entitled to a restitution hearing if he so requests. Defendant failed to preserve for our review his contention that the court should have recused itself (see People v Lebron, 305 AD2d 799 [2003], lv denied 100 NY2d 583 [2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). The sentence, absent the imposition of restitution, is not unduly harsh or severe. Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.