# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1313**
**KA 07-00049**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

CLIFFORD K. PICKETT, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 6, 2006. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Jefferson County Court for further proceedings in accordance with the following Memorandum: On a prior appeal, we affirmed the judgment convicting defendant upon his plea of guilty of manslaughter in the second degree under Penal Law § 125.15 (1) (*People v Pickett*, 49 AD3d 1207, *lv denied* 10 NY3d 963). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., that County Court erred in ordering restitution inasmuch as it was not part of the plea bargain (*People v Pickett*, 67 AD3d 1458), and we vacated our prior order. We now consider the appeal de novo.

We agree with defendant that the court erred in enhancing the sentence by imposing restitution inasmuch as restitution was not included in the plea bargain (*see People v Pett*, 74 AD3d 1891; *People v Hunter*, 72 AD3d 1536; *People v Cooke*, 21 AD3d 1339). Although defendant failed to preserve his contention for our review (*see Hunter*, 72 AD3d 1536; *Cooke*, 21 AD3d 1339), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea (*see Pett*, 74 AD3d 1891; *Hunter*, 72 AD3d 1536). In view of our determination, we need not address defendant's remaining

contention.

Entered:  December 23, 2011                       Frances E. Cafarell
                                                  Clerk of the Court