██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA DE BERRY, Appellant.—Judgment unanimously modified, on the law, by deleting from the sentence imposed the provision requiring defendant as a condition of probation to make restitution in the amount determined by the Probation Department, and, as modified, affirmed and matter remitted to Erie County Court for resentencing, in accordance with the following memorandum: The People concede that the court erred in ordering defendant, as a condition of her probation, to make full restitution "in the amount determined by Probation." Penal Law § 65.10 (2) (g) provides that when restitution is a condition of a sentence, "the court shall fix the amount thereof". The sentencing court may not delegate this power to the Probation Department (*People v Fuller,* 57 NY2d 152; *see also, People v Shaoul,* 96 AD2d 892).

Defendant further argues that the court erred in assessing a surcharge against her to be deducted from any fees acquired during her incarceration, in addition to ordering restitution. Penal Law § 60.35 (6) provides: "Notwithstanding any other provision of this section, where a person *has made restitution* or reparation pursuant to section 60.27 of this chapter, such person shall not be required to pay a mandatory surcharge" (emphasis added). Here, it does not appear that at the time of sentencing defendant had made restitution and, indeed, could not have been ordered by the court to make restitution before that time. Nonetheless, a plain reading of the statute would seem to indicate that the imposition of the mandatory surcharge, based on the record in this case, could be excused only if defendant had made restitution at the time sentence was imposed.

Defendant, in support of her position, relies on certain language contained in *People v Neff* (110 AD2d 721). In *Neff,* defendant was sentenced to the maximum period of incarceration for his crime, ordered to make restitution and was assessed a $40 surcharge or, in the alternative, to paying the

surcharge, was to serve an additional three-day jail sentence. On appeal, the court found that it was improper to impose the surcharge or the alternative three-day imprisonment inasmuch as defendant was also sentenced to the maximum term of imprisonment. Without otherwise mentioning the issue of restitution, the court then wrote, "[f]urther, where a defendant has made restitution or reparations, he shall not be required to pay a mandatory surcharge (Penal Law § 60.35 [6]). Therefore, the imposition of a $40 surcharge was inconsistent with the requirement that defendant make restitution" *(People v Neff, supra,* p 722). While the statute as presently written is somewhat anomalous, we do not read it as does the *Neff* court and decline to follow the language contained in its decision. Any substantive change from what appears to be the plain language of the statute is a subject for legislative action.

Defendant's last point on the appeal is that income she receives from Social Security payments is exempt from the restitution order of her sentence, and she asks us to make such a declaration. We question whether this is the proper forum in which to raise this issue, but, in any event, the issue is not ripe for determination. It does not appear that any efforts have been made to reach her Social Security income for the purposes of accomplishing restitution. (Appeal from judgment of Erie County Court, Forma, J.—criminal possession of forged instrument, second degree.) Present—Dillon, P. J., Doerr, Green, O'Donnell and Pine, JJ.