■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTINO BURT, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered April 2, 1987, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

Defendant pleaded guilty to the class E felony of attempted criminal possession of a forged instrument in the second degree; he was sentenced to 1½ to 3 years' imprisonment and a mandatory surcharge of $100. Defendant contends that Penal Law § 60.35, which imposes the mandatory surcharge, impermissibly creates two classifications by exempting those who make restitution or reparation from the payment of a mandatory surcharge (Penal Law § 60.35 [6]). Defendant argues that the statute lacks a rational basis for this distinction and thus violates the Equal Protection Clauses of the Federal and State Constitutions.

Initially, we note, and defendant concedes, that he did not object to the imposition of the surcharge before County Court, move for resentencing pursuant to CPL 420.10 (5), or otherwise seek a waiver of the surcharge *(see,* CPL 420.35). Since this issue was not presented to the court of first instance, it has not been preserved for our review *(see, People v Ruz,* 70 NY2d 942; *People v Pellegrino,* 60 NY2d 636; *People v Collazo,* 125 AD2d 404).

Were we to reach the constitutional argument in the interest of justice, we would find it to be without merit. The statute treats all persons convicted of crimes similarly in that all those defendants ordered to pay restitution are exempt from surcharge *(see, People v Barnes,* 62 NY2d 702; *People v Carlton,* 133 AD2d 776, *lv denied* 70 NY2d 873). Moreover, the statutory exemption set forth in Penal Law § 60.35 (6) furthers a legitimate State interest in promoting the payment of restitution and reparation to crime victims.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.