■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. BURKS, SR., Appellant. [600 NYS2d 578] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of a scheme to defraud in the first degree, two counts of issuing a bad check, grand larceny in the third degree and two counts of petit larceny. We reject defendant's contention that County Court erred in failing to give a circumstantial evidence charge with respect to the crime of scheme to defraud.

The scheme to defraud crimes (Penal Law §§ 190.60, 190.65) were added to the Penal Law in 1976 (L 1976, ch 384) to aid in the prosecution of consumer fraud schemes where many victims are bilked mainly of small amounts of money *(People v Mikuszewski,* 73 NY2d 407, 412-413). Although those statutes did borrow the traditional larceny categories of false pretense and false promise, which specify strict requirements of proof to a moral certainty (Penal Law § 155.05 [2] [a], [d]), "[n]o such

special burden of proof is imposed on a scheme to defraud premised on a false promise" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 190.60, at 425).

Weighing the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony, we conclude that the jury gave the evidence the weight it should be accorded (see, People v Bleakley, 69 NY2d 490, 495). Thus, the verdict was not against the weight of the evidence.

Since defendant had not made restitution at the time sentence was imposed, the court did not err in directing restitution and imposing the mandatory surcharge (see, Penal Law § 60.35 [6]; People v De Berry, 117 AD2d 1006). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Grand Larceny, 3rd Degree.) Present—Callahan, J. P., Green, Lawton, Fallon and Boehm, JJ.