██ In the Matter of MICHAEL M., Respondent. MONROE COUNTY ATTORNEY, Appellant. [652 NYS2d 571] —Appeal unanimously dismissed without costs (see, Family Ct Act § 365.1 [2]). (Appeal from Order of Monroe County Family Court, Kohout, J.—Juvenile Delinquency.) Present— Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WHITMORE, Appellant. [652 NYS2d 182] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Seneca County Court for further proceedings in accordance with the following Memorandum: We reject the contention of defendant that County Court erred in directing him to pay restitution, the mandatory surcharge and the crime victim assistance fee (see, People v Burks, 195 AD2d 1014, 1015, lv denied 82 NY2d 804; People v De Berry, 117 AD2d 1006). The People concede, however, that defendant was entitled to an offset of $100, the amount the victim received from her insurer, in calculating the amount of restitution owed the victim. Further, the court erred in directing that defendant pay a "5% or 10%" surcharge on the amount of restitution. There is no affidavit in the record supporting the imposition of a 10% surcharge on the amount of restitution ordered in this case (see, Penal Law § 60.27 [8]). Thus, we modify the judgment by vacating the direction that defendant pay restitution to the victim in the sum of $230 and a 10% surcharge on the amount of restitution, and we remit the matter to Seneca County Court for a redetermination of the amount of restitution. We note that, having reimbursed its insured to the extent of $100, the insurance company also may be considered a victim (see, People v Hall-Wilson, 69 NY2d 154; People v Turco, 130 AD2d 785, 788, lv denied 70 NY2d 755; People v Chery, 126 AD2d 659, lv denied 69 NY2d 825). (Appeal from Judgment of Seneca County Court, Bender, J.—Attempted Burglary, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.