■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ESPOLA, Appellant. [656 NYS2d 268] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered May 10, 1993, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of $7^{1}/_{2}$ to 15 years, a crime victim assistance fee, a mandatory surcharge or conditional term of 30 days, and restitution of $3,600, unanimously modified, on the law, to vacate the mandatory surcharge, the 30-day additional conditional jail term, and the crime victim assistance fee, and the matter is remitted to Supreme Court, Bronx County, for the imposition of a surcharge and a schedule for the payment

of restitution pursuant to Penal Law § 60.27 and CPL 420.10, and otherwise affirmed. Order, same court and Justice, entered on or about August 2, 1995, which denied defendant's motion to vacate the same judgment, unanimously affirmed.

Defendant correctly contends that the imposition of a mandatory surcharge and a crime victim assistance fee pursuant to Penal Law § 60.35 is inconsistent with the requirement that a defendant pay restitution pursuant to Penal Law § 60.27 (*see, People v Allen*, 236 AD2d 653; *People v Bauer*, 229 AD2d 502).

Defendant also correctly contends that, in any event, the imposition of an additional conditional 30-day jail term exceeds the 15-day statutory maximum (*see*, CPL 420.35 [1]), and that even the imposition of an additional conditional 15-day jail term would be illegal because the maximum sentence had already been imposed on the crime (*see*, CPL 420.10 [4] [d]; *People v Graham*, 228 AD2d 520).

Since the statutory restitution provisions require the imposition of a surcharge and a schedule for the payment of restitution, the matter is remitted to the sentencing court for the imposition of such terms (*see*, Penal Law § 60.27 [8]; CPL 420.10).

The court properly denied defendant's motion to vacate the judgment of conviction. The parole records in question were not *Rosario* material, because they were not within the People's control. We find no basis upon which to distinguish *People v Kelly* (88 NY2d 248). Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.