■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CABRERA, Appellant. [664 NYS2d 308] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered February 14, 1997, convicting him of grand larceny in the second degree and offering a false instrument for filing in the first degree (eight counts), upon a jury verdict, and imposing a sentence of 2 to 6 years imprisonment for grand larceny in the second degree and 1 to 3 years imprisonment on each count of offering a false instrument for filing, to run concurrent with each other and with the sentence imposed for grand larceny in the second degree, and payment of a mandatory surcharge, crime victim assistance fee, and restitution in the sum of $750,000.

Ordered that the judgment is affirmed.

The defendant's claim regarding the purported insufficiency of the evidence underlying his conviction for grand larceny in the second degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Johnson,* 185 AD2d 247; *see also, People v Gray,* 86 NY2d 10, 19-21; *People v Bynum,* 70 NY2d 858). In any event, viewing the evidence in the light most favor-

able to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant contends that the trial court erred in directing him to pay the mandatory surcharge and the crime victim assistance fee in addition to restitution. It is true that this Court has often held that a defendant may not be directed at the time of sentencing to pay restitution, the mandatory surcharge, and the crime victim assistance fee, stating that the imposition of the latter two charges was inconsistent with the requirement that the defendant make restitution (*see, e.g., People v Neff,* 110 AD2d 721, and its progeny; *also, People v Watts,* 226 AD2d 568). However, we have taken this opportunity to revisit this area of the law, and, upon reconsideration, we find that there is no inconsistency in requiring the defendant to make restitution and pay the mandatory surcharge and crime victim assistance fee if the defendant has not made restitution by the time sentence is imposed.

Penal Law § 60.35 (6) provides that "[n]otwithstanding any other provision of this section, *where a person has made restitution or reparation* pursuant to section 60.27 of this chapter, such person shall not be required to pay a mandatory surcharge or a crime victim assistance fee" (emphasis added). The express language of the statute clearly suggests that the imposition of the mandatory surcharge or crime victim assistance fee could only be excused where the defendant has made restitution at, or prior to, the time of sentencing (*see, e.g., People v De Berry,* 117 AD2d 1006; *People v Wilcox,* 234 AD2d 1007; *People v Del Valle,* 222 AD2d 1095). Thus, where a defendant has not made restitution prior to the imposition of sentence, it is not error for the sentencing court to direct the payment of the mandatory surcharge and the crime victim assistance fee in addition to restitution. To the extent that *People v Neff (supra)* and its progeny may suggest otherwise, they are no longer to be followed.

In the instant case, since the defendant had not made restitution at the time of sentencing, the court did not err in directing restitution and imposing the mandatory surcharge and crime victim assistance fee (*see,* Penal Law § 60.35 [6]; *People v Wilcox, supra).* If and when the time comes that the defendant makes restitution, he may apply to the court to modify the sentence by deleting the provisions for the mandatory surcharge and crime victim assistance fee; and, if he has paid those latter charges, he may apply for a refund (*see,* Penal Law § 60.35 [4]).

The defendant's remaining contentions are without merit. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.