■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SENEN MONTALVO, Appellant. [685 NYS2d 640] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 6, 1993 (*People v Montalvo,* 199 AD2d 283), affirming a judgment of the County Court, Suffolk County, rendered November 15, 1989.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., O'Brien, Ritter and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE S. NOLEN, Appellant. [685 NYS2d 640] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered September 28, 1994, convicting him of grand larceny in the fourth degree and offering a false instrument for filing (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention regarding the purported insufficiency of the evidence underlying his conviction is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The court did not err in ordering the defendant to pay statutory surcharges as well as restitution to the Department of Social Services (*see,* Penal Law §§ 60.25, 60.27; *People v Consalvo,* 89 NY2d 140; *People v Cabrera,* 243 AD2d 720). In addition, the defendant was provided with effective assistance of counsel (*see, People v Benn,* 68 NY2d 941; *People v Baldi,* 54 NY2d 137; *People v Ortiz,* 174 AD2d 763).

The defendant's sentence was not illegal or excessive (*see,* Penal Law § 70.25 [2]; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., Ritter, Thompson and Joy, JJ., concur.