OPINION OF THE COURT
 

 Ciparick, J.
 

 The primary issue in this appeal is whether, consistent with Penal Law § 60.35 (6), a sentencing court may simultaneously impose a sentence of restitution to the crime victim, along with
 
 *351
 
 the mandatory surcharge/crime victim assistance fee. Based on the clear language of that statute, we conclude that the sentencing court can order both, and we affirm the order of the Appellate Division.
 

 Defendant was convicted after a jury trial of four counts of robbery in the first degree and two counts of robbery in the second degree. These charges arose out of two incidents, the first of which involved the robbery of a taxicab driver. Defendant along with three young women hired a cab to take them to a deserted location. Brandishing knives, they ordered the driver to give them money. The driver complied, giving defendant and his companions $100 in cash, and then exited the cab. Defendant and the others drove away with the cab and its contents. In the second incident that same day, defendant and a young woman held their victim at knifepoint and demanded money. He had only 25 cents and a stick of gum which defendant and his cohort took.
 

 The robberies were charged in separate indictments but these were joined for trial. Defendant’s accomplices accepted guilty pleas and agreed to testify against him at trial. After the jury returned guilty verdicts on all the robbery counts, County Court imposed a prison term for each conviction, and ordered defendant to pay the cab driver $100 in restitution (see, Penal Law § 60.27). The court also imposed the mandatory surcharge and crime victim assistance fee required under Penal Law § 60.35 (6) for both robberies. The Appellate Division affirmed in all respects, and a Judge of this Court granted defendant leave to appeal.
 

 This case raises an issue that has divided the Appellate Division Departments: whether a sentencing court may, under Penal Law § 60.35 (6), order a defendant who has not yet made restitution to pay both restitution and a mandatory surcharge/ crime victim assistance fee. Penal Law § 60.35 (6) provides that “where a person has made restitution or reparation pursuant to section 60.27 of this chapter, such person shall not be required to pay a mandatory surcharge or a crime victim assistance fee.”
 

 The First and Third Departments prohibit a sentencing court from imposing the mandatory surcharge/crime victim assistance fee where restitution has been ordered
 
 (People v Espola,
 
 238 AD2d 281 [1st Dept];
 
 People v Meade,
 
 195 AD2d 756 [3d Dept]). The Second and Fourth Departments are of the view that both can be imposed simultaneously, and upon paying the
 
 *352
 
 restitution, defendant can obtain a refund of the mandatory surcharge/crime victim assistance fee
 
 (People v Cabrera,
 
 243 AD2d 720 [2d Dept];
 
 People v De Berry,
 
 117 AD2d 1006 [4th Dept]). Notably, the Second Department in
 
 Cabrera
 
 overruled its earlier decisions which had held that both could not be imposed simultaneously
 
 (People v Cabrera, supra; see, People v Moore,
 
 176 AD2d 968;
 
 People v Neff,
 
 110 AD2d 721), and concluded from the language of Penal Law § 60.35 (6) that only “where a person
 
 has made
 
 restitution” could the mandatory surcharge/crime victim assistance fee not be imposed.
 

 We hold that the plain language of the statute permits the sentencing court to order both restitution and the mandatory surcharge/crime victim assistance fee where the defendant
 
 has not yet made
 
 restitution. The Legislature could have prohibited the imposition of both outright, but instead employed the past tense with regard to the payment of restitution and reparations under Penal Law § 60.27, thus indicating that until restitution has been paid a defendant can be ordered to pay the mandatory surcharge/crime victim assistance fee. As the Practice Commentary to Penal Law § 60.35 (6) notes, the effect is to prefer and encourage payment of restitution to the crime victim (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 60.35, at 294).
 

 The mandatory surcharge/crime victim assistance fee is paid to the State to shift costs of providing services to victims of crime from “law abiding taxpayers and toward those who commit crimes” (Mem of State Executive Dept, 1983 McKinney’s Session Laws of NY, at 2356;
 
 see,
 
 Penal Law § 60.35 [3]; State Finance Law § 97-bb;
 
 People v Barnes,
 
 62 NY2d 702). Restitution, on the other hand, if awarded, is paid by the defendant through a designated collection official or organization to the victim and includes the “fruits of his or her offense or * * * the actual out-of-pocket loss caused thereby” (Penal Law § 60.27 [1], [8]; CPL 420.10 [8]).
 

 Furthermore, once restitution has been made, the mandatory surcharge and crime victim assistance fee “shall not be required” (Penal Law § 60.35 [6]). Indeed, Penal Law § 60.35 (4) includes a mechanism whereby a person can seek a refund of those payments which are ultimately “not required” (see,
 
 People v Cabrera, supra,
 
 243 AD2d, at 721). Thus, until a defendant has in fact made restitution, a sentencing court has the power to impose an order to pay both restitution and the mandatory surcharge/crime victim assistance fee.
 

 Defendant’s additional claims are without merit.
 

 
 *353
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley and Rosenblatt concur.
 

 Order affirmed.