■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GONZALEZ, Appellant. [756 NYS2d 493] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered January 10, 2002, which was amended on April 11, 2002, convicting him of sodomy in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICK HALL, Appellant. [756 NYS2d 494] —Appeal by the defendant from two judgments of the County Court, Rockland County (Nelson, J.), both rendered January 8, 1999, convicting him of criminal possession of a controlled substance in the second degree under Indictment No. 98-00144, and criminal possession of a controlled substance in the fifth degree under Indictment No. 98-00202, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the County Court acted properly in imposing both a mandatory surcharge and directing restitution. Since, at the time of the sentencing, the defendant had not yet made restitution, the County Court had the power to direct the defendant to pay both restitution and the mandatory surcharge (*see* Penal Law § 60.35 [6]; *People v Quinones,* 95 NY2d 349 [2000]). Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.