■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ZIOLKOWSKI, Appellant. [779 NYS2d 708]—Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered May 3, 2001. The judgment convicted defendant, upon his plea of guilty, of scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]). Defendant contends that he paid restitution prior to sentencing in accordance with the plea agreement and that County Court therefore erred in imposing the mandatory surcharge/crime victim assistance fee. Even assuming, arguendo, that defendant's contention survives the waiver of the right to appeal, we conclude that defendant failed to object to the imposition of the surcharge/fee at sentencing and thus failed to preserve his contention for our review. In any event, defendant's contention is without merit. Although defense counsel advised the court at sentencing that he was in possession of funds to be used for restitution, restitution had not as yet "been made" (*People v Quinones*, 95 NY2d 349, 352 [2000]; *see* Penal Law § 60.35 [6]), and thus the court properly imposed the surcharge/fee. We note, however, that defendant may seek a refund of those payments pursuant to Penal Law § 60.35 (4) (*see Quinones*, 95 NY2d at 352). Present—Green, J.P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.