■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PIERRE, Appellant. [836 NYS2d 466]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered July 13, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in imposing a DNA databank fee pursuant to Penal Law § 60.35 (1) (a) (v). Although that contention survives defendant's valid waiver of the right to appeal (see generally People v Lopez, 6 NY3d 248, 255 [2006]), defendant failed to preserve that contention for our review (see generally People v Ziolkowski, 9 AD3d 915 [2004], lv denied 3 NY3d 683 [2004]). In any event, we conclude that defendant's contention lacks merit. Penal Law § 60.35 (1) (a) (v) mandates the imposition of a DNA databank fee for a person convicted of a designated offense as defined in

Executive Law § 995 (7), including "a violent felony offense as defined in [Penal Law § 70.02 (1)]" (Executive Law § 995 [7] [a]), and burglary in the second degree is a violent felony offense (*see* Penal Law § 70.02 [1] [b]). Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.