■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON S. SALMANS, Appellant. [853 NYS2d 675]—

Defendant was charged in a four-count indictment with robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree and menacing in the second degree. Defendant thereafter agreed to plead guilty to robbery in the second degree and menacing in the second degree in return for, among other things, a sentence of 10 years in prison, five years of postrelease supervision and restitution. Defendant did not waive his right to appeal and the remaining counts of the indictment were dismissed with prejudice. County Court subsequently sentenced defendant to 10 years in prison and one year in jail (to run concurrently), ordered restitution and, among other things, imposed the statutory surcharge. Defendant now appeals.

Defendant, as so limited by his brief, initially contends that the sentence of 10 years in prison followed by five years of postrelease supervision is harsh and excessive and should be modified to the minimums permitted by law. Based upon our review of the record, and in light of defendant's criminal history, we perceive neither an abuse of discretion by County Court nor the existence of any extraordinary circumstances warranting a reduction in the sentence imposed in the interest of justice (*see People v Washington*, 4 AD3d 546, 548-549 [2004]). To the

extent that defendant argues that the one-year jail term imposed on the misdemeanor charge of menacing in the second degree was not part of the plea agreement, we need note only that defendant pleaded guilty to both charges in exchange for a 10-year term of imprisonment, and the imposition of the concurrent jail term did not deprive him of the benefit of that plea bargain.

As for defendant's claim that County Court was without authority to impose both restitution and the statutory surcharge due to the provisions of Penal Law § 60.35 (6), defendant failed to object to the surcharge at the time it was imposed or move for resentencing pursuant to CPL 420.10 (5); as such, this issue is not preserved for our review (*see People v Dunn*, 254 AD2d 511, 512 [1998], *lv denied* 92 NY2d 1031 [1998], *cert denied* 527 US 1024 [1999]; *People v Burt*, 142 AD2d 794 [1988]). In any event, "the plain language of [Penal Law § 60.35 (6)] permits the sentencing court to order both restitution and the mandatory surcharge/crime victim assistance fee" where, as here, defendant has not yet made restitution (*People v Quinones*, 95 NY2d 349, 352 [2000]). Moreover, we do not require that a defendant be advised, prior to his or her plea, that the statutory surcharge is a part of the sentence (*see People v Swart*, 20 AD3d 691, 692 [2005]; *People v Neu*, 1 AD3d 798 [2003]; *see also People v Bonner*, 21 AD3d 1184, 1185 [2005], *lv denied* 6 NY3d 773 [2006]). Accordingly, we decline to disturb defendant's convictions.

Peters, J.P., Spain, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.