■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM FAUNTLEROY, Appellant. [869 NYS2d 655]—

Peters, J.P.

Defendant, a prison inmate, was charged in a single-count indictment with promoting prison contraband in the first degree after a bent can lid with a razor blade taped to it was found in his pocket. Defendant thereafter pleaded guilty as charged and was sentenced as a second felony offender to the agreed-upon term of 2 to 4 years, said sentence to be served consecutively to the one defendant then was serving for murder in the second

degree. In conjunction therewith, County Court imposed the mandatory surcharge of $250, in addition to the crime victim assistance fee of $20. This appeal by defendant ensued.

We affirm. To the extent that defendant contends that County Court erred in failing to apprise him—prior to pleading guilty—that he would be assessed the statutory surcharge and crime victim assistance fee (*see* Penal Law § 60.35 [1] [a] [i]; CPL 420.35 [2]), we need note only that defendant failed to object to the surcharge or the fee at the time of sentencing and, hence, has not preserved this issue for our review (*see People v Quishana M.*, 50 AD3d 1513, 1513-1514 [2008], *lv denied* 10 NY3d 938 [2008]; *People v Salmans*, 49 AD3d 961, 962 [2008]; *People v Ziolkowski*, 9 AD3d 915 [2004], *lv denied* 3 NY3d 683 [2004]). In any event, "we do not require that a defendant be advised, prior to his or her plea, that the statutory surcharge is a part of the sentence" (*People v Salmans*, 49 AD3d at 962; *cf. People v Bonner*, 21 AD3d 1184, 1185 [2005], *lv denied* 6 NY3d 773 [2006]).

Turning to defendant's remaining contention, inasmuch as he did not move to withdraw his plea or vacate the judgment of conviction, his challenge to the factual sufficiency of his allocution has not been preserved for our review (*see People v Corbett*, 52 AD3d 1023, 1024 [2008]; *People v Douglas*, 38 AD3d 1063 [2007], *lv denied* 9 NY3d 843 [2007]). Moreover, the narrow exception to the preservation requirement is not implicated here as defendant did not make any statements during his allocution that were inconsistent with his guilt (*see People v Robles*, 53 AD3d 686, 687 [2008], *lv denied* 11 NY3d 794 [2008]). Were we to reach this issue, we would find it to be lacking in merit. Contrary to defendant's assertion, he was not required to recite the elements of promoting prison contraband in the first degree (*see People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]), as his affirmative responses to County Court's inquiries and his own description of his conduct were sufficient to establish the elements of that crime (*see People v Corbett*, 52 AD3d at 1024).

Spain, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.