■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMMY WAGNER, Appellant. [882 NYS2d 625]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered October 24, 2008. The judgment convicted defendant, upon her plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). Contrary to the contention of defendant, the plea colloquy establishes that she voluntarily, knowingly and intelligently waived her right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]). The valid waiver by defendant of the right to appeal encompasses her challenge to the severity of the sentence (*see id.* at 255). Although the further challenge by defendant to the imposition of the DNA databank fee survives that waiver (*see People v Pierre*, 41 AD3d 1267 [2007]; *see also People v Quishana M.*, 50 AD3d 1513 [2008], *lv denied* 10 NY3d 938 [2008]), defendant failed to preserve that contention for our review (*see Pierre*, 41 AD3d 1267 [2007]). In any event, we conclude that defendant's challenge is lacking in merit. Contrary to defendant's contentions, County Court was not required to pronounce the amount of that fee at sentencing (*see People v Guerrero*, 12 NY3d 45, 47-48 [2009]; *People v Tramble*, 60 AD3d 443 [2009]), and the court's failure to advise defendant that she was subject to that fee prior to the entry of the plea "did not deprive the defendant of the opportunity to knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Hoti*, 12 NY3d 742, 743 [2009]; *see People v*

*Taylor*, 60 AD3d 444 [2009]). Present—Martoche, J.P., Centra, Peradotto, Green and Gorski, JJ.