THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE FRANCIS, Appellant. [919 NYS2d 394]—

On appeal, the defendant contends that the County Court erred in imposing restitution without a hearing because, inter alia, there was insufficient evidence in the record to allow the County Court to determine the amount he should pay. However, since the defendant failed to request a restitution hearing, and did not object to the amount of restitution he was required to pay, his present claims regarding the imposition of restitution are unpreserved for appellate review (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Nelson*, 77 AD3d 973 [2010], *lv denied* 15 NY3d 954 [2010]; *People v Harris*, 72 AD3d 1110, 1112 [2010]; *People v Isaacs*, 71 AD3d 1161 [2010]; *People v Golgoski*, 40 AD3d 1138 [2007]).

The defendant's challenge to the imposition of the mandatory surcharge and crime victim assistance fee also is unpreserved for appellate review (*see People v Ruz*, 70 NY2d 942, 943 [1988]; *People v Fauntleroy*, 57 AD3d 1167, 1168 [2008]; *People v Ziolkowski*, 9 AD3d 915 [2004]; *People v Acevedo*, 243 AD2d 572, 573 [1997]). Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.