# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**791**

**KA 10-00462**

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

DALE NEASON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (VANESSA S. GUITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered February 9, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20) and criminal possession of stolen property in the fifth degree (§ 165.40). Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable based on the credible evidence presented at trial, we nevertheless conclude that, upon " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.*), the jury did not fail to give the evidence the weight that it should be accorded (*see People v Williams*, 295 AD2d 915; *see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his further contention that this Court should "presume" that he previously had paid a DNA databank fee in connection with a prior felony conviction and that, based on that presumption, Supreme Court erred in imposing such a fee in this case (*see People v Ramos*, 60 AD3d 1317, *lv denied* 12 NY3d 928; *People v Pierre*, 41 AD3d 1267). In any event, we reject that contention. The acts underlying "that prior felony conviction predated the enactment of the legislation establishing such fee (*see*

Penal Law § 60.35, as amended by L 2003, ch 62, part F, § 1)" (*People v Nelson*, 77 AD3d 973, 973, *lv denied* 15 NY3d 954), and there otherwise is no basis in the record for this Court to "presume" that defendant previously paid such a fee.

Entered:  June 10, 2011                    Patricia L. Morgan
                                          Clerk of the Court