*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    105229
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

ABNER ORTOLAZA,
                        Appellant.
_____

Calendar Date:  June 9, 2014

Before:  Peters, P.J., Stein, McCarthy, Rose and Devine, JJ.

_____

        Neal D. Futerfas, White Plains, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered July 11, 2012, which resentenced
defendant following his conviction of the crime of burglary in
the third degree.

        Defendant waived indictment and agreed to be prosecuted by
a superior court information charging him with burglary in the
third degree.  He pleaded guilty to this crime and waived his
right to appeal.  Under the terms of the plea agreement, he was
to be sentenced to 3 to 6 years in prison and ordered to pay
restitution in the amount requested by the District Attorney.
Thereafter, County Court sentenced defendant to the agreed-upon
prison term and, among other things, ordered him to pay
restitution in the amount of $976.  When it was later determined

that the prison term imposed was illegal,[1] County Court resentenced defendant to 2 to 6 years in prison, but directed him to pay the same amount of restitution as previously ordered. Defendant now appeals.

Defendant challenges County Court's award of restitution, claiming that there is no record support for the amount that he was ordered to pay. Although defendant is not precluded by his waiver of appeal from raising this claim because the plea agreement did not specify the amount of restitution to be awarded (see People v Boone, 101 AD3d 1358, 1358 [2012], lv denied 20 NY3d 1096 [2013]; People v Sherman, 91 AD3d 982, 983 [2012], lv denied 19 NY3d 867 [2012]), it is not preserved for our review given that he did not request a restitution hearing or otherwise object to the amount of restitution awarded at sentencing (see People v Smith, 112 AD3d 1232, 1233 [2013], lv denied 22 NY3d 1203 [2014]; People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]). Under the circumstances presented, we find no reason to take corrective action in the interest of justice (see People v Rossborough, 100 AD3d 1149 [2012]; People v Naumowicz, 76 AD3d 747, 748 [2010]). Furthermore, we reject defendant's claim that he should not have been ordered to pay the mandatory surcharge or crime victim assistance fee given the absence of proof that he actually paid the restitution awarded (see Penal Law § 60.35 [6]; People v Quinones, 95 NY2d 349, 352 [2000]). Therefore, we decline to disturb the judgment of conviction.

Peters, P.J., Stein, McCarthy, Rose and Devine, JJ., concur.

---

[1] Defendant was given an opportunity to withdraw his plea, but declined.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court