■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CASSANDRO, Appellant. [49 NYS3d 299]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 29, 2014, convicting defendant, after a jury trial, of scheme to defraud in the first degree, and sentencing him to a term of 1⅓ to 4 years, and restitution in the amount of $5,870,168, unanimously affirmed.

Defendant's arguments concerning the jury charge on first-degree grand larceny are moot, since he was acquitted of that charge (see People v Moore, 35 AD3d 291 [1st Dept 2006], lv denied 8 NY3d 988 [2007]). Defendant's assertion that the alleged deficiency in the larceny charge may have affected the scheme to defraud conviction is unavailing. His arguments concerning the jury charge on scheme to defraud are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the court was not required to give the "moral certainty" charge set forth in Penal Law § 155.05 (2) (d), because scheme to defraud has no such special burden of proof (see People v Burks, 195 AD2d 1014 [4th Dept 1993], lv denied 82 NY2d 804 [1993]).

Defendant's arguments concerning the prosecutor's cross-examination and summation are unpreserved (see People v Heide, 84 NY2d 943, 944 [1994]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Moreover, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).

Defendant's challenges to the court's restitution order as to five of the victims are also unpreserved (see People v Horne, 97 NY2d 404, 414 n 3 [2002]), and we decline to review them in the interest of justice. As an alternative holding, we perceive no basis for reducing the amount of restitution. Concur—Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.