■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN PARKISON, Appellant. [57 NYS3d 788]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered October 8, 2015. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20) and grand larceny in the third degree (§ 155.35 [1]). At sentencing, County Court ordered, inter alia, that defendant pay $9,000 in restitution, a $300 mandatory surcharge and a $25 crime victim assistance fee (CVAF). Defendant contends that, because the court told him prior to his guilty plea that he would have to pay $9,000 in restitution but did not inform him of the mandatory surcharge and CVAF until after the plea, the court had the discretionary authority to waive the imposition of the mandatory surcharge and CVAF and abused its discretion in imposing them. We reject that contention.

Notwithstanding certain exceptions that are inapplicable here, Penal Law § 60.35 (1) (a) provides that, "whenever proceedings in . . . a court of this state result in a conviction for a felony . . . , there *shall* be levied at sentencing a mandatory surcharge . . . and a [CVAF] in addition to any sentence required or permitted by law" (emphasis added). The statute further provides that "a person convicted of a felony shall pay a mandatory surcharge of [$300] and a [CVAF] of [$25]" (§ 60.35 [1] [a] [i]). Here, defendant was convicted of two felonies. Given the plain language of the statute, the sentencing court did not have the discretion to waive the mandatory surcharge and CVAF, nor does this Court. Defendant's reliance on Penal Law § 60.35 (6) is misplaced. That statute provides that, "where a person has made restitution . . . pursuant to [Penal Law § ] 60.27 . . . , such person shall not be required to pay a mandatory surcharge or a [CVAF]," and there is no indication in the record that defendant has made restitution.

We reject defendant's contention that, under *People v Quinones* (95 NY2d 349 [2000]), the mandatory surcharge and CVAF may be waived where restitution is ordered but has not yet been paid. In *Quinones*, the Court of Appeals addressed a split in the appellate divisions, two of which prohibited courts from simultaneously imposing both restitution and the mandatory surcharge/CVAF, and two of which allowed that practice. The Court determined that the statutory language of Penal Law

§§ 60.27 and 60.35 (6) supported the latter position (*see Quinones*, 95 NY2d at 351-352). Thus, contrary to defendant's contention, the language in *Quinones* that, "until a defendant has in fact made restitution, a sentencing court *has the power to impose* an order to pay both restitution and the mandatory surcharge/[CVAF]" (*id.* at 352 [emphasis added]) did not implicitly grant sentencing courts discretionary authority to waive the mandatory surcharge/CVAF when restitution is ordered but remains unpaid. Indeed, CPL 420.35 (2) provides that "[u]nder no circumstances shall the mandatory surcharge . . . or the [CVAF] be waived," with an exception that is not applicable here. Moreover, although a defendant may seek "deferral of the obligation to pay all or part of a mandatory surcharge" (CPL 420.40 [1]) when, "due to the indigence of [the defendant,] the payment of said surcharge . . . would work an unreasonable hardship on the [defendant] or his or her immediate family" (CPL 420.40 [2]), there is no evidence in the record that defendant has sought such relief. Nor did the court have the discretion at the time of sentencing to entertain such an application, which a defendant may bring "at any time after sentencing, by way of a motion for resentence under CPL 420.10 (5)" (*People v Jones*, 26 NY3d 730, 732-733 [2016]). Present—Whalen, P.J., Smith, Centra, Peradotto and Scudder, JJ.