People v Johnston (2018 NY Slip Op 00762)





People v Johnston


2018 NY Slip Op 00762


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1499 KA 15-00133

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYSEAN JOHNSTON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 16, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). On March 4, 2014, officers with the Syracuse Police Department (SPD) executed search warrants for defendant's house and vehicle, and seized 8.7 grams of cocaine, 1.2 grams of heroin, and cash secreted in shoeboxes. The warrants were issued based on the application of an SPD detective who had participated in an investigation over the preceding four months through the use of a confidential informant. According to the sworn statements in the detective's warrant application, he and other SPD officers set up six controlled buys between the informant and defendant at a predetermined location. Surveillance units were posted at defendant's house and at the location of the buy. Before the informant proceeded to the location of the buy, he was checked for drugs and money, and was found to have none. He was then given the buy money, and officers observed him as he proceeded to the location of the buy. Other officers then observed a vehicle with a particular license plate number proceed from defendant's residence to the location of the buy. Defendant emerged from the vehicle, met with the informant, and then returned home in the vehicle. During one of those controlled buys, the officers observed a hand-to-hand transaction. After each controlled buy, the informant met with the detective without first coming into contact with anyone else. Each time, the informant was in possession of a tan powder, was checked for money and was found to be in possession of none, and made certain statements to the detective concerning the buy. Each time, the detective performed field tests on the powder and detected the presence of heroin.
We agree with defendant that his waiver of the right to appeal was invalid. County Court did not engage defendant in an adequate colloquy to ensure that the waiver was knowingly, intelligently, and voluntarily entered (see People v Edwards, 151 AD3d 1962, 1962 [4th Dept 2017], lv denied 29 NY3d 1126 [2017]; People v Howington, 144 AD3d 1651, 1652 [4th Dept 2016]). In particular, the court did not ensure that defendant "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see Howington, 144 AD3d at 1652). We therefore address defendant's substantive contentions on appeal.
Defendant contends that the court erred in refusing to conduct a Darden hearing to confirm the existence of the confidential informant (see generally People v Darden, 34 NY2d 177, 181 [1974], rearg denied 34 NY2d 995 [1974]). We reject that contention. When the People cannot establish the existence of probable cause without information obtained from a [*2]confidential informant, the court must hold a Darden hearing in camera (see People v Edwards, 95 NY2d 486, 489 [2000]; People v Phillips, 237 AD2d 971, 971 [4th Dept 1997]). The purpose of such a hearing is "to allay any concern that the informant is wholly imaginary' and his statements to the police [are] fabricated' " (Edwards, 95 NY2d at 494, quoting People v Serrano, 93 NY2d 73, 77 [1999]). Here, however, such a hearing was unnecessary because the independent observations of the detective and the other police officers involved in the investigation established the existence of probable cause to support the search warrant (see People v Crooks, 27 NY3d 609, 614 [2016]; see generally People v Myhand, 120 AD3d 970, 973 [4th Dept 2014], lv denied 25 NY3d 952 [2015]).
Contrary to defendant's further contention, we lack the authority to amend the certificate of conviction in order to dispense with the mandatory surcharge (see Penal Law § 60.35 [1] [a]; People v Parkison, 151 AD3d 1647, 1648 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]). Finally, the sentence is not unduly harsh or severe.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court