People v Grayson (2018 NY Slip Op 08373)





People v Grayson


2018 NY Slip Op 08373


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

108901

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOHNATHAN D. GRAYSON, Appellant.

Calendar Date: October 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Aarons and Rumsey, JJ.


Adam W. Toraya, Albany, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered September 27, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal possession of a weapon in the second degree. Pursuant to a negotiated plea agreement, defendant thereafter pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree with a recommended prison term of three years followed by two years of postrelease supervision. County Court sentenced defendant in conformity with the plea agreement, and defendant now appeals.
Although defendant contends that the sentence imposed is harsh and excessive, we disagree [FN1]. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Westmoreland, 164 AD3d 1550, 1550 [2018] [internal quotation marks and citations omitted]; accord People v Stone, 164 AD3d 1577, 1578 [2018]). Defendant was convicted of a class D violent felony for which he could have received a determinate prison term ranging from two to seven years (see Penal Law §§ 70.02 [1] [b], [c]; [3] [c]; 110.05 [5]; 265.03 [1] [b]). Here, the three-year prison term contemplated by the plea agreement and imposed by County Court was only one year more than the statutory minimum term of imprisonment and, in light of defendant's escalating history of criminal [*2]behavior, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v O'Leary, 164 AD3d 1576, 1576 [2018]).
Garry, P.J., Egan Jr., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant argues that his waiver of the right to appeal was invalid, but the People acknowledge — and the record reflects — that there was no waiver of the right to appeal in this matter. Hence, defendant's challenge to the sentence imposed is not precluded (see generally People v Salmans, 49 AD3d 961, 961 [2008]).