People v Stebbins (2019 NY Slip Op 03104)





People v Stebbins


2019 NY Slip Op 03104


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

108943

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KARLO STEBBINS, Appellant.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered November 24, 2015, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and burglary in the third degree.
In July 2015, defendant waived indictment and pleaded guilty to two superior court informations charging him with robbery in the second degree and burglary in the third degree and waived his right to appeal, both orally and in writing. Consistent with the terms of the plea agreement, defendant was sentenced to seven years for his robbery conviction and to a lesser concurrent sentence on his burglary conviction and was ordered to pay $133.75 in restitution and $375 in a mandatory surcharge and fees. Defendant appeals.[FN1]
We affirm. Contrary to defendant's contention, the plea colloquy demonstrates that he knowingly, voluntarily and intelligently waived his right to appeal. The record reflects that, at the outset of the plea proceeding, County Court advised defendant that the waiver of the right to appeal was a condition of the plea agreement, and defendant acknowledged his understanding of the plea agreement and its terms (see People v Cherry, 166 AD3d 1220, 1221 [2018]; People v Charles, 163 AD3d 1362, 1362 [2018], lv denied 32 NY3d 1063 [2018]; People v Gilbert, 145 AD3d 1196, 1196 [2016], lvs denied 28 NY3d 1184, 1187 [2017]). County Court then advised defendant that his right to appeal was separate and distinct from the trial-related rights automatically forfeited by his guilty plea, and defendant confirmed that he understood the nature of the waiver and that he was voluntarily waiving his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Rogers, 162 AD3d 1410, 1410 [2018]; People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]; People v Stein, 161 AD3d 1389, [*2]1390 [2018]). Further, defendant reviewed with counsel and executed a written waiver of appeal in open court that adequately described the nature and scope of the appellate rights being waived and acknowledged, among other things, that he was waiving his right to appeal in consideration of the plea agreement (see People v Watkins, 166 AD3d 1239, 1240 [2018], lv denied ___ NY3d ___ [Mar. 19, 2019]; People v Stein, 161 AD3d at 1390; People v Zeller, 153 AD3d 1049, 1050 [2017]). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary (see People v Cherry, 166 AD3d at 1221; People v Turner, 158 AD3d 892, 892 [2018]). Given that defendant's ineffective assistance of counsel claim relates to the agreed-upon sentence and does not implicate the voluntariness of his plea, the claim is precluded by the valid waiver of appeal (see People v Bouck, 153 AD3d 1522, 1523-1524 [2017], lv denied 30 NY3d 1017 [2017]; People v White, 145 AD3d 1324, 1325 [2016]; People v Daniels, 16 AD3d 780, 780-781 [2005]; People v Howard, 1 AD3d 718, 719 [2003]).
Defendant's contention that his plea was not knowing, intelligent and voluntary survives his appeal waiver (see People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]; People v Giammichele, 144 AD3d 1320, 1320 [2016], lv denied 28 NY3d 1184 [2017]), but it is unpreserved for our review as there is no indication in the record that defendant made an appropriate postallocution motion despite having ample opportunity to do so prior to sentencing (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Dickerson, 168 AD3d 1194, 1194-1195 [2019]; People v Duvall, 157 AD3d 1060, 1060-1061 [2018], lv denied 31 NY3d 1081 [2018]). Further, defendant did not make any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Pastor, 28 NY3d 1089, 1090 [2016]; People v Quell, 166 AD3d 1388, 1389 [2018], lv denied 32 NY3d 1208 [2019]; People v Horton, 166 AD3d 1226, 1227 [2018]; People v Cherry, 166 AD3d at 1222).
As for defendant's claim that County Court was without authority pursuant to Penal Law § 60.35 (6) to impose both restitution and the mandatory surcharge/crime victim assistance fee, "defendant failed to object to the surcharge at the time it was imposed or move for resentencing pursuant to CPL 420.10 (5); as such, this issue is not preserved for our review" (People v Salmans, 49 AD3d 961, 962 [2008]; see People v Dunn, 254 AD2d 511, 512 [1998], lv denied 92 NY2d 1031 [1998], cert denied 527 US 1024 [1999]; People v Burt, 142 AD2d 794, 794 [1988]). In any event, were we to address this claim, we would find it to be without merit because defendant had not yet made restitution (see Penal Law § 60.35 [6]; People v Quinones, 95 NY2d 349, 352 [2000]; People v Ortolaza, 120 AD3d 843, 844 [2014], lv denied 25 NY3d 991 [2015]; People v Morse, 111 AD3d 1161, 1162 [2013], lv denied 23 NY3d 1040 [2014]; People v Leone, 105 AD3d 1249, 1250 [2013], lv denied 21 NY3d 1017 [2013]).
Garry, P.J., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant does not challenge that portion of the judgment convicting him of burglary in the third degree.