People v Zolorsano (2024 NY Slip Op 06366)

People v Zolorsano

2024 NY Slip Op 06366

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-08675

[*1]The People of the State of New York, respondent,
v
Alfredo Zolorsano, appellant. (S.C.I. No. 10640/00)

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Miles Palminteri on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Douglas S. Wong, J., at plea; David J. Kirschner, J., at sentence), rendered October 24, 2019, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In May 2000, the defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree (hereinafter the 2000 conviction) in exchange for a promised sentence of a term of probation of five years. When the defendant failed to appear for sentencing on September 7, 2000, a bench warrant was issued for his arrest. Subsequently, he was charged with bail jumping in the second degree. Approximately 19 years later, in the summer of 2019, the defendant was arrested and returned to Queens on the bench warrant. In October 2019, the defendant was sentenced on the 2000 conviction, and the Supreme Court imposed a $50 DNA databank fee, a $300 mandatory surcharge, and a $25 victim assistance fee.
On this appeal, the defendant contends that because he committed the offense for which he was convicted in January 2000, prior to the 2003 enactment of the amendment to the statute providing for the imposition of the DNA databank fee, the Supreme Court's imposition of such a fee violated the Ex Post Facto Clause of the United States Constitution (see US Const, art I, § 10[1]). The defendant additionally contends that it was error to require him to pay a mandatory surcharge in the sum of $300 and a crime victim assistance fee in the sum of $25, since Penal Law former § 60.35 required a mandatory surcharge in the sum of only $150 and a crime victim assistance fee in the sum of only $5 at the time the act underlying his conviction was committed.
The defendant's contention that the Supreme Court's imposition of the DNA databank fee, mandatory surcharge, and crime victim assistance fee at sentencing violated the Ex Post Facto Clause is unpreserved for appellate review (see People v Stebbins, 171 AD3d 1395, 1397; People v Francis, 82 AD3d 1263, 1263; People v Acevedo, 243 AD2d 572, 573) and, in any event, without merit. The fees and mandatory surcharges required by Penal Law § 60.35 are not punitive in nature (see People v Guerrero, 12 NY3d 45, 48-50; People v Bradshaw, 210 AD3d 44, 49-51; [*2]People v Foster, 87 AD3d 299, 309), and the imposition of the fees and mandatory surcharge at sentencing for the crime committed by the defendant prior to the effective date of the amendments to the statute providing for such fees did not violate the Ex Post Facto Clause (see People v Bradshaw, 210 AD3d at 51; People v Foster, 87 AD3d at 309).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court